Backus *v.* Clark.

## WILLIAM W. BACKUS *vs.* IRA CLARK.

As to which party shall plead the several matters going to form the issue, the code has made no change from the provisions of the common law. Under both systems of pleading, the facts constituting the cause of action must be pleaded by plaintiff, and those constituting the defense, by defendant.

It was never necessary at common law for the plaintiff to show that his cause of action was not barred by the statute of limitations. This was a matter to be pleaded by defendant. The code has nowhere indicated an intention to shift the burthen of pleading from one party to the other, and the allegation of the time within which a cause of action accrued, may, in general, be wholly omitted.

A petition to recover for work, otherwise stating facts sufficient to constitute a cause of action, but omitting an allegation of the time when the work was done, *held* to be sufficient on demurrer.

In those cases only where the allegation of time in common law pleading was material and traversable, need the time now be stated.

A contract wherein work on a house was to be done on the credit of B, and B did not own the house, *held* not to come within the statute of frauds.

A verdict of indebtedness against B in a suit on such a contract will not be disturbed where there is a conflict of testimony, and that in the affirmation is sufficient to sustain it.

Affidavits on a motion in the court below, to become a part of the record, so as to be reviewable by the supreme court, must be included in the bill of exceptions.

The record containing the evidence in the court below, shows that about two hundred dollars of the verdict was rendered for the making of cornice, proved to have been worth fifty cents per foot, but shows no evidence of the quantity of cornice made.

*Held,* that the verdict is unsustained by evidence, and *held* that it was error in the court below to refuse to grant a motion for a new trial, raising that point.

*Held,* that such verdict comes within the provisions of both the fifth and sixth causes for vacating verdicts, reports or decisions, laid down in section three hundred and seven of the code.

Section five hundred and twenty-six of the code, as amended by chapter twenty-six of the laws of 1860, (*Sec.* 4,) gives the supreme court power to reverse or modify an order of the district court, that grants or refuses a new trial. *Erwin et al., vs. Shaffer et al.,* (9 *Ohio State R.,* 43,) *Contra* reviewed.

On a motion for a new trial, on the ground that the verdict is not sustained by sufficient evidence, where there is no evidence, or where there is a total lack of evidence in any point essential to a recovery, as where the verdict, as to a part of the sum found due is unsubstantiated by evidence, the question presented to the court is clearly a simple question of law. Opinion in *Hall vs. Pope,* (4 *Geo. R.,* 428,) quoted with approbation.

The opinion contains a full statement of the facts.

*Robert Crozier,* for plaintiff in error.

*L. B. Wheat,* for defendant in error.

When the evidence is contradictory, and the jury might find either way, the court will not set aside the finding. (*Douglass vs. Tausey,* 2 *Wend.,* 352; *Lewis vs. Payn,* 4 *Wend.,* 423; *Tiffin vs. Forrester,* 8 *Mo.,* 643; 2 *Cow.,* 483; *Dawson vs. Robbins,* 5 *Gilman,* 72; *Evans vs. Fisher et al., ibid.,* 569; *Johnson vs. Maulton,* 1 *Scam.,* 533.) The evidence as to whether Backus authorized the work, &c., to be done, or ratified the doing of it for him after it was done, is conflicting.

Backus, by referring Clark to Auton, is bound by Auton's acts. An adoption of part of the acts of an agent ratifies all. (*Chitty on Contracts, p.* 202.)

Motions for a new trial on the ground of newly discovered evidence, are addressed to the sound discretion of the court which tried the case, and, in general, the exercise of that dis-

cretion will not, at common law, be reviewed on error. (*Isham vs. Fox,* 7 *Ohio St.,* 317; *Seney's Ohio Code, p.* 277, *note n.*)

The affidavit, copied into the transcript in this case, is no part of the record, and cannot be considered in the decision of this cause—the same not being a part of the bill of exceptions or incorporated therein. (*Tiffin vs. Forrester,* 8 *Mo.* 644; *Smith vs. Wilson,* 26 *Ills.,* 188, 5 *Gilman,* 126; *McDonald vs. Arnaut,* 14 *Ills.,* 58.)

The evidence would be merely accumulative, even if Backus had the testimony of Auton, and would not require a different finding. It would still be the business of the jury to say whether they would believe Clark or not. When the evidence is merely cumulative, a new trial will be denied. (*Seney's Ohio Code, p.* 277, *note bb; Reed vs. McGrew,* 5 *Ohio R.,* 375; *Perrin Adm'rs, vs. Proct. Ins. Co.,* 11 *Ohio R.,* 147.)

The petition avers the work, &c., to have been done, &c., under contract with Backus, and then avers, in substance, the facts set forth in a common law *indebitatus assumpsit* count. Defendant in error cannot see how the statute of limitations will apply in this case.

Section one hundred and forty-eight of the code of 1859 cures any defect in the petition if there is any.

Section one hundred and thirty-two of the code allows the copy of the account to be considered as part of the petition when made so.

The court may take judicial notice of facts not appearing of record. (*Gibson vs. Stevens,* 8 *How.,* 384.)

When a libel was charged in stating that the plaintiff's friends, in advocating her claim, had realized the fable of the frozen snake, it was held that the court might take judicial notice that the known age of that fable of Phædrus generally prevailed in society. (*Hoase vs. Silverlock,* 12 *Jur.,* 695; 12 *Ad. & El.,* 624, *N. S.*)

By the Court, COBB, C. J. Clark brought his action in the district court against Backus, for work done by him in plas-

tering and ornamenting a certain brick church for said Backus, alleging in his petition the facts constituting his cause of action, but not showing the time when such cause of action accrued, otherwise than by annexing thereto a copy of his account for work done, stating the time the work was completed, and stating in the petition that said copy of account is made a part thereof.

The defendant, by answer, denied the "matters and things set out in the petition," and upon the issue so joined the cause was tried and a verdict rendered for Clark, upon which the judgement was entered, which Backus has brought here for review.

At the opening of the trial, the defendant moved the court to exclude all testimony under the petition, which motion was overruled and the defendant excepted.

And the first question presented for our consideration, by the record, is whether that ruling was erroneous.

The counsel for the plaintiff in error agues that the copy of Clark's account was a mere exhibit, and no part of the petition, and therefore the petition, not showing that the demand was not barred by the statute of limitations, does not state facts sufficent to constitute a cause of action.

Without stopping to inquire whether the account should be rejected as a part of the petition, or whether the manifest error of the pleader should have been corrected by motion, we will first inquire whether the petition is sufficient without the account.

It is not contended that the petition lacks the statement of any material fact to constitute a cause of action, except an allegation of the time when the work was done.

Was such an allegation necessary?

It was never necessary at the common law for the plaintiff to show in his declaration that his cause of action was not barred by the statute of limitations. Having alleged the facts by which a cause of action accrued to him, if the lapse of time

intervened to bar a recovery, that as well as all other matters of defense was to be pleaded by the defendant. The statement of time in the declaration, was, in general, mere matter of form, and not traversable, and the plaintiff was at liberty to prove the transaction at any other time as well as the one stated.

There was, however, a class of cases in which the cause of action or defense depended on certain facts happening at certain times, in which cases time was matter of substance and must be alleged.

As to which party shall plead the several matters going to form the issue, the code has made no change.

The same facts that constituted a cause of action under the common law practice, constitute such cause of action still. The same facts that constituted a defense then, constitute a defense still. And under both systems the facts constituting the cause of action must be pleaded by the plaintiff, and those constituting a defense, by the defendant. The code has changed the form of pleading, but has nowhere indicated an intention to shift the burthen of pleading from one party to the other. As at common law, the allegation of time was, in general, a mere form, and mere form in pleading having been abolished by the code, such allegation may, in general, be wholly omitted, and in those cases only where the statement of time in common law pleading was material and traversable, need the time now be stated. (See *The People ex. rel. Crane et al. vs. Rider*, 2 *Ken.*, 433; *Lyon vs. Clark*, 4 *Seld.*, 148; *Swan's Plead. and Prac.*, 139,) amply sustaining this rule.

We conclude, therefore, that the petition is sufficient, and the court properly overruled the motion.

Backus moved for a new trial in the court below, which was denied, and now insists by his counsel that the ruling was erroneous, on the grounds,

"First. That the proof shows that the cornice and center pieces were not put up under a contract with Backus, that

they were put into a house not belonging to Backus, and that there was no agreement in writing signed by Backus, that he would pay for them.

"Second. There was no proof showing the value of the cornice or the number of feet there was in it.

"Third. That a new trial should have been granted for newly discovered evidence.

Upon the question first raised, whether the center pieces and cornice were put up under contract with Backus, the testimony was conflicting, and that in the affirmative clearly sufficient to sustain the verdict on that point. Whether Backus was the owner of the house or not, does not appear, nor is it important. The jury having found that the work was done under a contract with Backus, (as in support of their verdict they are presumed to have done,) the original credit having been given to him, whoever may have owned the property, the contract is valid. Such an agreement has never been held to be within the statute of frauds.

We see, therefore, no ground for a new trial in this point.

It will be most convenient next to consider the last point made by the plaintiff, and we need only say that this court is authorized to reverse, vacate or modify judgments, orders and decisions for errors appearing upon the record only. The copies of the affidavits sent up with the transcript of the record of the district court were mere papers, filed as evidence on the motion, and no part of the record of the court.

If the counsel wished to present that question for review, he should have included the affidavit in his bill of exceptions, and thereby made them a part of the record. (*Tiffin vs. Forrester*, 8 *Mo.*, 644; *Smith vs. Wilson*, 26 *Ills.*, 184; *McDowell vs. Arnaut*, 14 *Ills.*, 58.)

Having failed so to do, we are unable to consider the point he attempts to raise, and the only question now remaining is, whether the court erred in not setting aside the verdict for want of evidence to support it, and granting a new trial.

Backus v. Clark.

It is manifest from the record that about two hundred dollars of the verdict was rendered for the making of cornice. The bill of exceptions sets out all the evidence, and shows that the making of the cornice was worth fifty cents per foot, but that no evidence was given of the quantity of cornice made.

The counsel for the defendant in error argues that the statement made by Clark to Backus, that the work would cost over two hundred dollars, was some evidence from which the jury might lawfully find that the work was worth that sum.

We do not see it in that light. The declarations of a party in his own favor, though made to the opposing party, are not *per se* evidence for himself. They are admissible only for the purpose of showing that at the time such declarations were made, the opposing party, by words or conduct, admitted their truth.

Did Backus make any such admission?

He pretended to no knowledge on the subject, and when, in response to his inquiry, Clark said it would cost over two hundred dollars, he threw up his hands and exclaimed, "Oh! I would not have had it done if I had thought it would cost over fifty dollars!"

Surely, this was no admission that Clark was entitled to the sum claimed, but an emphatic protest against a price four times what he expected.

The verdict, therefore, is as to the greater part of the sum found due, entirely unsubstantiated by evidence.

Section three hundred and seven of the code provides "that the former verdict, report or decision shall be vacated, and a new trial granted on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of the party." And proceeds to mention eight causes, among which are, "fifth, error in the assessment of the amount of recovery whether too large or too small, where the action is upon a contract, or for the injury or detention of prop-

erty,"· and "sixth, that the verdict, report or decision is not sustained by sufficient evidence or is contrary to law."

The verdict in this cause came within both these provisions, and the statute requiring the court to vacate the verdict and grant a new trial, its refusal so to do was error in law.

Section five hundred and twenty-six of the code as amended by chapter twenty-six of the laws of 1860, (§ 4,) gives the court authority to "reverse, vacate or modify a judgment of a district court for errors appearing in the record," and in the review of such judgment to "reverse any intermediate order involving the merits of the action or any part thereof," and also, specifically, gives the power to reverse or modify an order "that grants or refuses a new trial." But the case of *Erwin et al. vs. Shaffer et al.* (9 *Ohio State,* 43,) if correct in principle and applicable to our code, would preclude us from looking into the bill of exceptions, and consequently from correcting the error. That case having been decided under a code very similar to ours, is entitled to consideration.

In that case the court held themselves precluded from looking into the bill of exceptions to ascertain whether a new trial should have been granted or not, on the ground that the question presented on a motion for a new trial is one of fact, and the code has given a right to except to a decision of the court on a question of law only.

But the court in that case rested their decision entirely on the authority of the precedent cases in the same court of *Gest vs. Kenner,* (7 *O. St.,* 75) and *House vs. Elliott,* (6 *O. St.,* 497.) The case of *Gest vs. Kenner* was also decided entirely on the authority of *House vs. Elliott.* In that case there was a conflict of testimony, and the court were required, as they say, "to examine the evidence, weigh the relative credibility of witnesses, and determine on the existence of facts to the total subversion of one of the most salutary maxims of law. That to questions of fact the jury are to respond; to questions of law, the judges." That case is, therefore, broadly distin-

guished from the one at bar, in which there is no evidence for the court to weigh, no facts to be determined, and therefore no power of the jury to be infringed.

But, in giving their opinion, the court use the broad language, "that an erroneous decision upon a motion for a new trial is a determination only of facts, and not of the law of the case, and no exception can be taken to the ruling so as to place it upon the record." And this dictum, rather than the case, seems to have been followed in the subsequent cases above cited. In all these cases the court, by their language, seemed to have assumed that on a motion for a new trial on the ground that the verdict is not sustained by sufficient evidence, the question presented to the court is one of fact. Whereas, in many, if not (in modern practice,) most cases it is, we think, one of law only. Courts have sometimes granted new trials on account of a very great preponderance of evidence against the verdict. A motion for a new trial on such grounds as in *House vs. Elliott* above cited, presents to the court questions of fact. But where there is no evidence to sustain the verdict, as in the case at bar, or a total lack of evidence on any point essential to a recovery, it presents a question whether the party has a right to recover without such evidence, which is clearly a simple question of law.

In *Hall vs. Pope*, (4 *Geo. R.*, 428,) the distinction between these two classes of cases is forcibly stated. "As the jury are the judges of the facts," (say the court) "if there be any evidence to sustain a verdict, it ought not to be disturbed but for a good cause. The court, however, must have the power of controlling an unjust verdict, and with it is left the decision of the question whether the verdict is unjust or not. The court will, (but with great carefulness, and only in case of flagrant and manifest injustice,) set aside a verdict where there is confessedly some evidence to sustain it. But if the finding of the jury be clearly against evidence or manifestly without evidence, the court has no discretion, but is bound, in

law, to grant a new trial. There is nothing in the laws, the constitution or in *magna charta*, or in the great principle of jury trials, which can justify, or, for a moment, tolerate a verdict without evidence or contrary to all evidence. The law will permit no such verdict. A jury has no power to render it, and no court should allow it to stand. You cannot predicate discretion of such a case. It is a case where there is none."

As the cases of *Erwin & Lane vs. Shaffer & Curtis* and *Gest vs. Kinner*, both purport to be founded on the authority of *House vs. Elliott*, they are worth little as authority further than they are within the principles and reasoning of that case.

We have seen that that case was one in which there was a conflict of evidence in the court below, and the question presented on motion for a new trial was one of fact.

And we have seen by the language of the court above cited, that the cause was decided on that ground. We think it has been shown also, that in the case at bar, there being no evidence to sustain the verdict, the question on motion for a new trial was one of law, and the case therefore not within the principles of the case of *House vs. Elliott*. There is, therefore, nothing in the cases above cited, especially when taken in connection with the strong dissenting argument of justice Sutliff in *Erwin vs. Shaffer*, to shake our confidence in the right of this court to review on exceptions the decision of the district court refusing a new trial in a case like the one under consideration.

For the error of the judge in denying a new trial, the judgment must be reversed and the cause remanded for a new trial.