SIMON S. ALTSCHIEL v. CHARLES H. SMITH, *et al.*

PRACTICE; *Affidavits; Bills of Exception.* Affidavits on a motion in the court below, to become a part of the record, so as to be reviewable by the supreme court, must be included in the bill of exceptions or the case made. (*Backus v. Clark*, 1 Kas., 303, affirmed.)

### Error from Marshall District Court.

THE action below was commenced by plaintiff in error against the director, clerk and treasurer of School District No. 17, of Marshall county, to enjoin them from issuing certain school district bonds. The injunction was refused, and the plaintiff brings the case here, where it was disposed of upon a question of practice.

*J. D. Brumbaugh*, and *A. L. Williams*, for plaintiff.

*B. P. Waggener*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The plaintiff in error applied for a temporary

injunction to the judge of the district court of Marshall county, restraining defendants from issuing bonds. The application was refused. This refusal he seeks by this action to have reversed. The bill of exceptions shows that the application was made on petition and affidavits, but does not set out or include the affidavits. Hence we are not informed upon what the district judge acted. True, there are some copies of affidavits in the transcript, and the certificate of the clerk shows that they were on file the day after the decision. But it was decided in the case of *Backus v. Clark*, 1 Kas., 303, that "affidavits on a motion in the court below, to become a part of the record so as to be reviewable by the supreme court, must be included in the bill of exceptions." See that authority, and cases cited therein. As all presumptions are in favor of the correctness of the decision of the judge of the district court, and we are not placed in possession of the testimony upon which he acted, we have no other alternative than to affirm the decision.

All the Justices concurring.