# JULY TERM, 1874.

PRESENT — HON. S. A. KINGMAN, CHIEF JUSTICE.
HON. D. M. VALENTINE, ⎱ ASSOCIATE JUSTICES.
HON. D. J. BREWER,   ⎰

D. S. McINTOSH v. COMM'RS OF CRAWFORD COUNTY.

1. VACATING JUDGMENT; *Bad Faith of Party.* Where both parties to a suit pending in the district court agree to a continuance to the subsequent term, notify the clerk of this agreement, and direct him to make a journal entry thereof, and relying thereon the defendant leaves the court and returns home, while the plaintiff in his absence and in violation of this agreement proves up his claim and takes judgment, *held,* that there was no error in the court thereafter, and at a subsequent term, upon motion, vacating and setting aside the judgment thus obtained.

2. RULES OF DISTRICT COURT. This court does not take judicial notice of the rules of the district court.

3. QUESTION OF FACT — *Evidence not Preserved.* Where a motion involving questions of fact outside of the record is made and overruled, and the "case made" or bill of exceptions shows that one affidavit was used in support thereof, but fails to show that no other affidavits or other evidence was used, and also fails to show upon what ground the district court overruled the motion, *held,* that it was impossible to affirm that the district court erred in overruling the motion.

4. INSTRUCTIONS — *Immaterial Error.* An error in an instruction bearing simply upon the amount that the plaintiff ought to recover, if he recover anything, and not affecting his right to a recovery, may be disregarded when the verdict is for the defendant.

*Error from Bourbon District Court.*

ACTION by *McIntosh* to recover from defendants in error $419, claimed to be due for rent of offices, lights and fuel, for Crawford county. The case was brought to the district court of Crawford county by appeal from the decision of the defendants in disallowing the properly sworn claim of plaintiff, and came to Bourbon county district court upon change of

venue, where judgment was rendered in favor of McIntosh at the September Term 1871, and which judgment was set aside and vacated at the March Term 1872. A trial upon the merits was had at the September Term 1872, before H. C. McC., judge *pro tem.*, and a jury. Verdict and judgment for defendants. Other facts are stated in the opinion. *McIntosh* brings the case here.

*Frank Playter,* and *C. Q. French,* for plaintiff:

1. Only two methods are known to our code for vacating a judgment and granting a new trial. The one is by motion, the other by petition. No petition was filed to vacate the judgment rendered at the September Term 1871. The only attempt to vacate it was by motion, and that attempt was successful. This motion was filed February 26, 1872, and heard at the succeeding March Term. Six months had elapsed, and the December Term 1871 had intervened between date of judgment and filing of the motion, without any attempt to reverse or vacate the judgment. By reason of lapse of time and intervention of a term of court, the judgment ought not to have been vacated upon "motion." Under § 308 of the code the "motion" is only allowed at the same term judgment is rendered, and in *all* cases must be within three days after judgment except for newly-discovered material evidence, and even for this you cannot go beyond the term. If you wish to attack the judgment *after* the term, it must be by petition. Under §§ 568 and 569 of the code the "motion" is only allowed, 1st, "in proceedings to correct mistakes or omissions of the clerk, or irregularities in obtaining a judgment; 2d, to vacate a judgment because of its rendition before the action regularly stood for trial." If the motion was sustained for either one or the other of these reasons it was error. It ought not to have been entertained by reason of lapse of time. It does not seek to *correct* anything. It is a motion, as its title indicates, for "the vacation and setting aside the judgment heretofore rendered in the above entitled cause." True, it says "the amendment to plaintiff's bill of particulars

was never filed by the clerk, and that such amendment was permitted by the judge of said court, without any notice to defendants," etc., but does *not* say that the amendment was *not deposited* in the clerk's office. A deposit in the clerk's office, with the clerk, of a paper in a case, constitutes a legal filing, although not marked filed. Again, after appearance in the case by the defendants, and after answer filed, or as defendants say in their motion, "after issue joined," the code does not require notice of amendment. It is only required *before* answer filed; (Code, § 136.) There was no irregularity in obtaining judgment by reason of omission of clerk to enter agreement to continue the case from the September to the December Term. The affidavit in support of motion does not show an agreement either in open court, or in writing, to so continue the case; while the rules of the district court provide, "No verbal agreement of counsel or parties with each other, or an officer of the court, concerning the progress or management of a cause, or proceedings will be enforced unless made in open court." The clerk had no authority to enter the agreement spoken of upon record.

Section 569 of the code relates only to clerical mistakes which can be amended on motion; (Nash's Pl. & Pr., 699, 670;) it does not reach far enough to cover this motion and affidavit. In any view of the case, the motion ought not to have been entertained. But, for the argument, suppose the case presented came within § 569, and a motion *could* be made: was there *such notice* to the adverse party or his attorney, as would justify the court to act upon the motion? The notice is directed to E. M. H., who accepts a copy of same, as "of counsel for pl'tf," and at the same time time tells the defendant's attorney that he had nothing to do with the case, or, (in the language of the affidavit,) "that at the time of accepting the notice he had no employment as attorney in said case; and so notified the attorney of defendants." The court might have been justified in acting upon the motion, upon the notice as accepted by H., had there been nothing further presented; but when the case was heard upon the motion, the

court had full knowledge of the facts; and it was error to sustain the motion, as upon default of plaintiff. The court should have ordered a sufficient notice to the plaintiff, especially as the record showed the judgment assigned to Playter.

The only remedy of defendants was by petition and summons under § 570 of code. Hence it was both error to vacate the judgment rendered at September Term 1871, as well as to overrule the motion of plaintiff to vacate and set aside the order granting a new trial, based upon the motion and affidavit filed by defendants.

2. The court erred in allowing testimony of the actions and doings of the county commissioners, outside of their record, to be introduced in evidence.

The court erred in its instructions to the jury. The court says: "The court instructs you that the plaintiff cannot recover in this action a larger amount than the bill filed and sworn to before the county board, for the reasons mentioned in § 28, chapter 25, General Statutes, page 259," (which section was read by the court to the jury.) In plaintiff's amended petition, in addition to the items in the bill filed before the county board, there are charges for furnishing lamps and oil for county offices 17 months at $2 per month, $34; and to furnishing fuel to county offices for 9 months at $5 per month, $45. By this instruction the court virtually instructed the jury that the plaintiff could not recover for the lamps, oil and fuel so furnished, because the items were not filed before the county board. It is true, the instruction says the plaintiff cannot recover a larger *amount* than filed, yet the instruction is so worded as to mislead the jury and limit them to the *items* filed. The court erred in limiting them to any amount, provided they did not exceed plaintiff's demand in his amended petition. There is nothing to distinguish an appeal case from the county board to the district court from any other appeal case. In fact, § 31, ch. 25, Gen. Stat. 1868, says: "Such appeal shall be entered, tried and determined the same as appeals from justices courts;" while § 124 of the justices act provides that, "The plaintiff in the court below shall be

plaintiff in the district court, and the parties shall proceed in all respects in the same manner as though the action had been originally instituted in the said court." Had this suit been originally instituted in the district court there could have been no question, after issue joined, of plaintiff's right to amend, even to claim a fabulous sum and recover it, if proved. Such amendments, as in this case, being simply a question of costs, are in the discretion of the court.

*F. Danford,* and *A. H. Wilkinson,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, presented an account to the board of county commissioners of Crawford county for rent of offices, etc. The board disallowed the account. He appealed. By change of venue the case was transferred to the Bourbon district court. On September 19th, 1871, both parties appeared in open court and by consent a journal entry was made postponing the case for two days and until September 21st. On September 21st the defendants failed to appear, and judgment was rendered in favor of the plaintiff. On January 22d, 1872, the judgment was assigned by assignment on the margin of record to F. Playter. On February 26th, 1872, defendants filed their motion supported by affidavit to vacate and set aside such judgment. Of this motion notice was served on E. M. Hulett, the attorney of record of said plaintiff, and service accepted by him as such attorney. When the motion came on to be heard neither the plaintiff nor his attorney appeared; the motion was sustained and the judgment vacated and set aside. At a subsequent term plaintiff made his motion to set aside said order vacating and setting aside the judgment. This motion was overruled. New pleadings were filed, the case tried, and judgment rendered for defendants. To reverse this judgment plaintiff now brings this proceeding in error, and the principal question for our consideration is, the action of the court in vacating and setting aside the judgment of Septem-

ber, 1871. The application therefor was by motion. It was

**1. Vacating judgment; §568 of code, construed.** made under the third clause of §568 of the code, the section that authorizes district courts to vacate or modify their judgments at or after the terms at which they are rendered. This third clause reads, "For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." A subsequent section provides that an application under this clause shall be by motion. The facts, as disclosed by the motion and accompanying affidavit, are, that at the September Term, and prior to the taking of the judgment, the plaintiff and defendants agreed upon a continuance of the case to the subsequent term, communicated this agreement to the clerk, and instructed him to make a journal entry thereof, and that relying upon such agreement the defendants' attorney left the court and returned home. Judgment was, notwithstanding such agreement, and in the absence of the defendants, taken by the plaintiff. It will hardly be doubted that a court might properly set aside a judgment rendered under such circumstances. Counsel for

**2. Rules of district court.** plaintiff in error insists that there is a rule of the district court which provides that "no verbal agreement of counsel or parties with each other, or an officer of the court, concerning the progress or management of a cause or proceeding will be enforced unless made in open court." No such rule appears in the record, and we do not take judicial notice of the rules of the district courts. Even with such a rule it would not follow that a court was bound to tolerate so gross a breach of faith. The rules are designed to prevent injustice, not to further and accomplish it. The question is not, whether the court would have erred after notice of such a parol agreement in compelling the plaintiff to go to trial, but whether a party after making such an agreement can be allowed in a court of justice to profit by breaking it.

Counsel insists that no sufficient notice was given of this motion. The notice was served on E. M. Hulett, who was counsel of record for plaintiff, and service was accepted by

Opinion of the Court.

3. Question of fact. Evidence not preserved. him in writing as such counsel. There was no appearance of plaintiff to the motion. Prior to the service of notice the judgment had been assigned of record to Frank Playter. Upon the motion to set aside this order vacating the judgment the affidavit of E. M. Hulett was filed, stating that when he accepted service of notice of the prior motion he told the defendants' attorney that he was not attorney in the case, and that when the motion was called he stated to the court that he had no employment of record in the case, and would not appear to the motion. Mr. Hulett's name appears signed to the petition as attorney for the plaintiff; nor do we understand the affidavit as asserting that it was wrongfully there, or that he did not appear at the trial as the plaintiff's attorney. We understand rather that *since the assignment* he did not consider himself as attorney in the case, or as representing the assignee of the judgment, the real party in interest. This, it is true, is not stated in the affidavit, but seems to us the explanation most consistent with the good character of the parties concerned. It might be a question under the statute whether any further notice was requisite, notwithstanding Mr. Hulett's disclaimer, and whether notice to the assignee was essential. But we do not care to investigate that question. The facts may not be all before us. The record fails to show that this affidavit of Mr. Hulett was the only evidence used on the motion. It may have been clearly shown that the assignee had actual notice of the motion, or indeed that he appeared to the motion, or that the assignment was not *bona fide,* or for value, or that Mr. Hulett was in fact fully authorized to appear for the assignee. It is useless however to speculate. It is enough that we can see that there might have been at least one satisfactory answer to the facts stated in the affidavit. (*Backus v. Clark*, 1 Kas., 303; *Altschiel v. Smith*, 9 Kas., 90.) Subsequent to these proceedings amended pleadings were filed, both parties appeared by their counsel, a full and fair trial was had before a jury, and a verdict returned for the defendant. We are not willing to set aside a judgment rendered after such a trial in which both

12—13 KAS.

parties participated, and affirm one based upon an *ex parte* hearing, unless upon a clear showing of error.

Complaint is also made of the proceedings upon the trial, of the admission of evidence, of the instructions, and that the verdict is against the evidence. None of these objections are well taken. There was no error in the admission of the testimony. The county commissioners were allowed to testify as to what oral propositions had been made to them by plaintiff. No action of the board was thus shown, but simply the statements of the plaintiff. And whenever any parol testimony was sought as to the action of the board upon such propositions it was promptly ruled out. We think this amounted to nothing more than showing the statements and

4. Immaterial error.

admissions of plaintiff, and as such was competent. It is urged that the court misdirected the jury as to the amount that the plaintiff might recover under the pleadings and testimony. As the jury found for the defendants this error, if error it were, cannot have wrought any prejudice to the plaintiff. (*Branner v. Stormont,* 9 Kas., 51.) There was testimony sufficient to support the verdict.

The judgment will be affirmed.

All the Justices concurring.