## PATRICK MUGAN v. TIMOTHY HALEY.

1. PLEADING; *Allegations of "Time."* An omission, in a bill of particulars for work and labor, to state the time at which the work sued for was done, is not a fatal defect, or one sufficient to justify this court in reversing a judgment rendered thereon.

2. MOTION FOR NEW TRIAL; *Newly-Discovered Evidence; Competency; Materiality; De Minimis.* H. sued M. before a justice of the peace for work and labor, claiming $39. Judgment .was rendered in his favor. Upon appeal by defendant to the district court, and trial there by a jury, they found in his favor for $23.55. Upon the trial he testified to working at an agreed price of $1.50 per day. The defendant conceding that such was the first agreement, testified that by a .subsequent arrangement plaintiff was to receive but one dollar per day, and that 34½ days' work was under the new arrangement. Upon this plaintiff and defendant were the only witnesses. Upon the plaintiff's testimony he was entitled to a verdict for the full amount of his claim. Upon the defendant's testimony he had overpaid the plaintiff. The verdict was general, so that except for the difference between the amount of the claim, and that of the verdict, there was nothing to show whether the jury believed the testimony of the plaintiff or that of the defendant upon this matter. Defendant made a motion for a new trial, claiming that since the trial he had ascertained that there was a witness by whom he could prove that plaintiff at two different times stated that he was receiving only one dollar a day. He did not disclose how he had found out this witness, nor was there anything tending to show whether or not the situation of the witness and his relation to the matter in controversy were such as to have required the defendant, in the exercise of due diligence, to have made previous inquiry of him as to his knowledge of the facts in the case: *Held,* That in view of the fact that two trials had already been had, each resulting in favor of the plaintiff,

that the amount to be affected by the new testimony was small, that it was at least doubtful whether the jury did not find the fact to be as it was claimed this testimony would show it to be, and that it was not clear, even if they did not so find, that a subsequent jury would with the new testimony find a different verdict, this court will not reverse the action of the district court refusing a new trial.

### *Error from Douglas District Court.*

ACTION by *Haley*, to recover for work and labor. Trial and judgment for plaintiff at the October Term 1874. *Mugan* brings the case here on error.

*A. J. Reid*, for plaintiff in error.
*David C. Beach*, and *J. Jay Buck*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action for work and labor, brought before a justice of the peace, and taken on appeal to the district court. In both courts judgment was rendered in favor of the plaintiff, defendant in error. Three questions are raised by counsel for plaintiff in error. He insists that the bill of particulars is fatally defective, in that it gives no dates, and specifies no time during which the plaintiff was working for defendant, but simply asks judgment for a certain amount "for work and labor done and performed by plaintiff for defendant, at the special instance and request of defendant, and for which defendant promised to pay." No objection was made to the pleading in the district court. No motion to make it more definite and certain; and no objection to the introduction of evidence under it. And it was decided in the early case of *Backus v. Clark*, 1 Kas. 303, that even in a petition an omission of any allegation of *the time* when the work was done, was not a fatal defect.

A second point made is, that the verdict was contrary to the evidence. Each party was his own principal witness. Each had some slight corroboration. And a verdict either way, upon such conflicting testimony, would be conclusive upon this court. True, the plaintiff appears to have been

an ignorant man, and to have kept no book account of the number of days' work, or the payments made, while the defendant presented an itemized account showing every day's work, and every payment made; and so his testimony upon the record seems clearer, more definite and precise. But the jury do not seem to have fully credited his statements, and we cannot say that they were bound to believe him, and disbelieve the plaintiff. Perhaps the very particularity of his account may have justly excited suspicion.

But the principal question arises on the overruling of the motion for a new trial. One of the grounds therefor was newly-discovered evidence. Upon the trial plaintiff testified that defendant was to pay him $1.50 per day for certain work. The defendant, conceding that such was the original agreement, testified that subsequently a new arrangement was made by which the plaintiff was to work for $1 a day; and according to his account there were 34½ days' work under this new arrangement. This would make a difference of $17.25. The plaintiff claimed $39, but the jury only found in his favor $23.55. Upon this question there was no testimony other than that of the two parties. As newly-discovered evidence defendant claimed that since the trial he had ascertained that one Cassiday would testify that plaintiff had upon two different occasions told him that he was receiving only $1 a day for his work. He testifies that he did not know of this testimony before the trial. It does not appear how he obtained the knowledge of this testimony, nor whether the situation and relation of the witness to the matters in issue were such that due diligence would have compelled inquiry of the witness as of one likely to know something about the case. But conceding the matter of diligence, it does not seem to us that we are justified in reversing the ruling of the district court refusing a new trial. In the first place, it would seem probable that the jury had given credence to the testimony of defendant upon this very point. For according to the testimony of the plaintiff he was entitled to a verdict for the full amount claimed, and a trifle more. Deducting the $17.25

and allowing interest as claimed would make the amount very nearly that of the verdict. As the verdict was general, we cannot of course know that this was the matter upon which the jury found for less than the claim, but it at least seems quite probable from the testimony. The instructions are not preserved in the record, and perhaps they were so strong and direct upon this matter that the court was clear in the belief that this was the very matter upon which the jury found less than the plaintiff's claim. Again, the amount to be affected by this new testimony is small. True, it is more than one-half the amount of the verdict, but the amount in controversy is small. This is a matter which the court may properly take into consideration in determining a question like this. There is no certainty that with this testimony a subsequent jury would find differently. The expense of a new trial, both to the public and the parties, would probably exceed the amount affected by the new testimony. It is for the interest of the public, as well as of the parties, that the litigation cease. We do not decide that this testimony is strictly cumulative, and therefore not of a character to justify the granting of a new trial, but we do hold that in this case, after two trials have been had, where the amount affected by the new testimony is small, and where it is at least uncertain whether the jury did not find the fact to be as it is claimed this testimony would show it to be, and where it is not clear that, even if they did not so find, a subsequent jury would, with the new testimony, find a different verdict, this court will not say that the district court abused its discretion in refusing to grant a new trial.

The judgment will be affirmed.

All the Justices concurring.