## E. L. PATEE v. A. A. PARKINSON.

PRACTICE; *Saving and Preserving Testimony, or Agreed Facts.* Where the journal entry of a case shows that the action was tried upon an agreed statement of facts, and the transcript purports to contain a statement of facts signed only by the attorneys of the parties to the suit, but such statement of facts is not contained in the journal entry of the judgment, nor otherwise identified as the facts upon which the case was tried, and the agreed statement of facts is not preserved in any bill of exceptions, or case-made, and there are no findings of fact separately made, and no motion for a new trial, and no error is apparent in the record, there is no case for the consideration of alleged errors, and the supreme court must necessarily affirm the judgment of the district court.

### Error from Riley District Court.

THE only question decided in this court is one of practice, as to which all material facts are stated in the opinion. The district court decided that the property in question was not exempt, and *Patee* appeals, and brings the case here on error.

*R. B. Spilman,* for plaintiff in error.

*Samuel Kimble,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: An attempt was made in this case to have the question determined, whether a two-wheeled vehicle, com-

monly called a sulkey, with an attachment, thereto specially adapting it to the use of a physician and surgeon, and actually kept and used by a physician in the business of his profession, is exempt from seizure and sale. But no bill of exceptions was taken in the court below, and no "case-made" is filed here. The transcript purports to copy an agreed statement of facts filed with the clerk of the court, signed by the attorneys of the parties to the suit; and the journal entry recites that a jury was waived, and the issues in the action submitted to the court upon an agreed statement of facts on file with the clerk. But the statement of facts copied in the transcript is not contained in the journal entry, nor otherwise identified as the agreed facts upon which the court tried the case. In addition, it is not set forth that the court stated separately the findings of fact. Nor was there any motion for a new trial. An agreed statement of facts is simply the presentation of evidence to the court in another and different form than by the introduction of witnesses in person, or the reading of depositions taken in the case. It takes the place of the oral or written evidence intended to be submitted by the parties to the suit. Perhaps, more accurately speaking, it may be said to be the written admissions of the parties to the suit on the trial. Nevertheless, such an agreement is only regarded as evidence for the consideration of the court. Parties may agree to all the facts in issue by the pleadings; or only a part of the facts in dispute may be agreed upon, and evidence submitted as to the other questions of fact in controversy; but in either case, such an agreement is no part of the pleadings, nor can it be regarded as a part of the record of the court. This court has already decided that affidavits filed and read on a motion in the court below, to become a part of the record so as to be reviewable by the supreme court, must be included in a bill of exceptions, or a case-made; and an agreed statement of facts stands in the same relation to the proceedings in a trial of a case, as affidavits upon the hearing of a motion. The agreed statement of facts contains the evidence upon which the cause is decided. The affidavits contain the evi-

dence upon which the motion is granted, or denied. *Young v. The State*, 23 Ohio St. 577; *Backus v. Clark*, 1 Kas. 303; *Altschiel v. Smith*, 9 Kas. 90; *Porter v. Hall*, 11 Kas. 514. Under this view there is no error apparent on the record, and we cannot question the correctness of the judgment of the district court. There is no case here for our consideration by which we can review the decision rendered.

The judgment will be affirmed.

All the Justices concurring.