## I. BERNSTEIN V. LEONARD T. SMITH.

1. PLEADING; *Bill of Particulars — Contract — Tort.* Where a party files a bill of particulars in the form of a bill of account for "timber taken and received from" a certain tract of land, (describing it,) designating the number of pieces of timber so taken, and the value of each, and aggregate value of the whole, such bill of particulars, as a pleading, discloses an action on an account, and not one for trespass on real estate.

2. JURISDICTION OF JUSTICE; *Title to Land; Practice.* On a trial before a justice of the peace the defendant raised the question as to the jurisdiction of the justice, and thereupon the justice found that title to land was in dispute and certified the case to the district court. *Held,* that the defendant had no cause of complaint, even though he failed to file, when required by the justice, the affidavit provided for by ⸹ 2, ch. 88, Laws of 1870.

3. EVIDENCE; *Record of Patent; Admissibility.* The record in the office of the register of deeds of a patent is admissible in evidence without proof that the original is lost, or destroyed, or not under the control of the party desiring to use it.

4. PRACTICE; *Filing Pleadings; Waiver.* Where a case has been certified from a justice of the peace to the district court the defendant is not necessarily prejudiced by the filing in that court of an amended bill of particulars. And in such case, where the defendant made no objection in the district court on account of the failure to file a petition, it is too late to raise the question in this court.

5. ESTOPPEL; *Good Faith required.* A party invoking the aid of the doctrine of estoppel to deprive the real owner of his property must himself act in good faith.

6. INSTRUCTIONS—*Effect of False Testimony.* Where a court has once instructed the jury upon the effect of false testimony given knowingly and willfully, it is generally not error to refuse an instruction as to the effect of particular testimony claimed to be contradictory and false.

*Error from Leavenworth District Court.*

THE action below was commenced originally before a justice of the peace by defendant in error, to recover of *Bernstein* the value of a lot of railroad cross and switch-ties taken from *Smith's* land. The bill of particulars is copied in full in the opinion. The amount claimed by *Smith* was $300. The land from which the ties were taken was an unoccupied tract, and *Smith,* to show a presumptive owner-

ship of the ties, offered proof of title, which being disputed by *Bernstein,* the action was thereupon stayed before the justice, and the justice certified the case, and transmitted the papers and process therein to the clerk of the district court, where the case was docketed and proceeded with as if originally commenced therein. Before the trial of the action in the district court, the defendant made a special appearance, objected to that court's jurisdiction, moved to strike the papers in the case from the files, and to dismiss the case, which objection and motion were overruled, and defendant excepted. Trial at the November Term 1870. Verdict and judgment in favor of plaintiff, and *Bernstein* brings the case here on error.

*Caldwell & Hoysradt,* for plaintiff in error :

1. Every step taken, and proceeding had by and before the justice was void. The bill of particulars filed by Smith, sets up trespass on real estate, if anything, as his cause of action. The charge therein made, is for "timber *taken,* and received, *from*"—certain land. The timber could not have been "taken from," unless there was an entry upon the land. Every entry on another's land, without authority, is in law a trespass. 3 Black. Com., 209. No authority to enter on the land is averred, and none will be presumed in favor of the plaintiff; for a pleading is to be construed more strongly against, than in favor of, the pleader. Gould's Pl., ch. 3, § 169; 2 Hill, 475; 6 Ohio, 150.

The demand in the bill of particulars is larger than the largest demand which the justice had jurisdiction of in an action for trespass on real estate. Justice's act, Gen. Stat., 775, § 6. The action before the justice being for trespass on real estate, and the demand exceeding the jurisdiction of the justice in such an action, the justice acted without jurisdiction, and so acting, everything he did was void.

2. But concede that he had jurisdiction to hear the case, so long as title or boundaries of land was not in dispute, and yet he had no jurisdiction to certify the case to the district court. His jurisdiction for such purpose depends upon a

condition, arising after the commencement of an action. In
this case the condition, we think, *must* have been a special
issue arising in the suit before the justice, namely, *a dispute*
concerning title or boundaries of land.   It did not and 'could
not appear from anything that was presented to him, that
title or boundaries was in dispute.   The defendant filed no
pleading, and introduced no evidence before. the justice.
*No defense was disclosed.*   The only statute upon the subject
of certifying (Laws 1870, ch. 88, § 2,) clearly contemplates
that before the case shall be stayed, or any step taken towards
certifying, the defendant must have *set up* title or boundary
*as a defense.*   The language is, "The justice before whom
said action is commenced, shall require of the defendant
*setting up said title or boundary,* to set forth in his answer or
bill of particulars a full and specific statement of the facts
constituting his defense of said title or boundary."   What
can be the object of such a requirement of the statute, espe-
cially when it is further required that this statement of the
defense of title or boundary must be verified, unless it be to
prescribe *the way* — and the only way — in which it can appear
to the justice that title or boundary to land is in dispute?
It certainly could not have been the intention of the legisla-
ture to have the dispute appear to the justice from oral plead-
ing, or a war of words between parties or counsel upon the
admissibility of certain evidence.   The justice certainly could
not act either upon his own knowledge or mere belief in this
matter, as to whether title or boundaries of land was in dis-
pute in the action. 11 Johns., 177.   And the justice did not
require the defendant to file an *answer*, or a *bill of particulars,*
setting "forth the facts constituting his (defendant's) defense
of said title or boundary." 2 Ohio, 251; 3 Cowen, 206.

3. If the justice had no jurisdiction of the subject-matter of
the action because of its being an action for trespass on lands,
wherein the demand was $300, or if the justice's proceedings
to certify the case to the district court were not made in con-
formity with the statutory provisions governing him in such
case, then his certificate and transmission of the case to the

district court was void, and that court acquired no jurisdiction by or through such certificate and transmission. 9 Cowen, 227; 4 Cowen, 80. The conditions prescribed by the statute to an appeal, must be strictly performed, or the appellate court acquires no jurisdiction. 4 Cowen, 540; and to the same effect are 6 Cowen, 585, and 7 Cowen, 468. And this principle that the conditions prescribed by proper authority, to an appeal, must be strictly complied with and performed, or the appellate court will acquire no jurisdiction, is approved by this court, in *Halford v. Coe,* 4 Kas., 561, and *Robitaille v. Furguson,* id., 556; for the gist of those decisions is, that inasmuch as there had been a failure to comply with a requirement precedent to an appeal from a justice of the peace to the district court, therefore the appeal was void and must be dismissed. And this court applies the same principle to its own jurisdiction, in *Carr v. The State,* 1 Kas., 331; where it holds that because there was a non-compliance with a requirement of the statute precedent to an appeal from the district court to this court, this court did not take jurisdiction; and this case is approved in *The State v. King,* 1 Kas., 466. In *Tunis v. Withrow,* 10 Iowa, 305, the court says: " Whilst it is true that every presumption is to be made in favor of the jurisdiction of the district court, yet if the record discloses the fact that the evidence which is the basis of such jurisdiction, and which must appear of record, was never made before the court, such presumption is thereby rebutted." This principle should have a direct application, and govern in the case at bar. The transcript of the justice shows that the facts and evidence which were the basis of his jurisdiction to certify and transmit the case to the district court did not all exist, or at least such transcript does not show the existence of all such facts and evidence; and the district court acquired no jurisdiction, and the motion to dismiss should have been sustained.

The defendant below, after specially appearing and objecting to the jurisdiction of the district court, did not waive this question of jurisdiction by proceeding to trial; for his

acts subsequent to his motion to dismiss for want of jurisdiction, must be considered as compulsory. 9 Cowen, 227; 8 Cal., 339; 4 Kas., 471; 11 Ohio St., 503; 6 Kas., 393.

4. The district court erred in allowing the plaintiff below to file an amended bill of particulars. The statute under which the case was certified by the justice prescribes that the "case shall be docketed and thereafter proceeded with in the district court as if originally commenced therein." From this language, it is submitted that the only pleading which could be filed in the district court by the plaintiff after the case was docketed, would be a "petition." 3 Kas., 433. But the amended "bill of particulars" filed by Smith is not such a pleading as can be filed in a court of record, whether it be a petition or a bill of particulars; for it is not subscribed by either the plaintiff below, or his attorneys. Code, § 107.

5. The court erred in permitting the deed book from the register's office, containing record of a patent, to be introduced in evidence on the trial of the action. The only authority for the introduction of such evidence is § 12 of ch. 87, Laws of 1870. But this section clearly contemplates that before the record is admissible in evidence, the original of the record must be shown to be not in the possession nor under the control of the party desiring to use the same; and this was not shown.

6. The court erred in refusing to give the sixth instruction of the defendant below to the jury. There was evidence before the jury, tending to show that the witness Cullison was agent for Smith for the disposition and sale of his timber at Lenape; and whatever was done by him, as such agent, in relation to that timber, was, upon the principle of *qui facit per alium, facit per se*, done by Smith himself.

It was error also to refuse the instruction asked to the effect that "if the jury believe that certain witnesses swore on former trials that they went out of Lenape on the north side of the railroad track, then the testimony that they went out on the south side may be regarded as false, and being false,

that the jury *may* disregard it so far as it shows any tracking of wagons,"—a proposition which we think is clear.

*Green & Foster*, for defendant in error:

1. The order of the justice in certifying the case to the district court was right. When it appeared *to the satisfaction of the justice* that the title of land was in dispute, it became his duty to so certify the case, and he had no discretion to do otherwise. The transcript of the justice shows that he required the plaintiff in error to make the affidavit prescribed by law, but he failed to do so, and now seeks to take advantage of his own wrong. He will not now be heard to complain of the removal of the cause to the district court, when that removal was by his own act, and upon his own motion.

2. The plaintiff in error, after appearing to the action in the district court, where it was properly tried on its merits, resulting in a judgment against him, cannot now benefit himself by any supposed error of the justice in certifying the case to the district court. The order of the justice, even if erroneously made, was not void, but only voidable by a proceeding in error; and the failure to take proper steps to reverse the order before a trial on the merits, will be held a waiver.

3. The evidence in the cause, on the trial in the district court, shows an aggravated case against plaintiff in error, who employed sundry irresponsible persons to furnish him ties, well knowing that they were being taken from the unoccupied land of absent owners without their knowledge or consent, and that he has done a large business and realized large gains by this illicit trade; and as the verdict of the jury is fully sustained by the evidence, which abundantly shows not only that the ties were taken from the land of defendant in error, but also that the plaintiff in error was notified of the fact, and that he would be held responsible therefor, there can be no question but that the law of the case was properly charged by the court below to the jury.

The plaintiff in error could acquire no title to the ties, for the reason that those of whom he claims to have purchased

Bernstein v. Smith.

had none; and it is a well-settled principle of law, that if a man's property is taken by an act of trespass and subsequently sold by the trespasser, (as in the case at bar,) the person thus deprived of his property may bring trespass, sue for the conversion, or may waive the tort and sue in *assumpsit*. Addison's Law of Torts, 347; 1 Hilliard on Torts, 550; 2 Hilliard on Torts, 128; 40 Maine, 247; 6 Hill, 461. The defendant in error could have maintained replevin for the ties; (13 Ill., 192; 7 Shep., 287;) and wherever replevin lies an action may as well be maintained for the value.

4. There was no error in refusing the sixth instruction asked for by plaintiff in error, because there was no evidence to justify such instruction, and none making it applicable to the case.

The opinion of the court was delivered by

BREWER, J.: This was an action brought originally before a justice of the peace to recover the value of certain ties belonging to defendant in error and converted by plaintiff in error to his own use. The amount claimed in the bill of particulars was three hundred dollars. And the first point made is, that the justice had no jurisdiction of the suit, because the bill of particulars shows that the action was one for trespass on real estate and the damages demanded exceeded one hundred dollars. The bill of particulars was as follows:

1. Bill of particulars; account; trespass.

"I. BERNSTEIN, TO LEONARD T. SMITH,

To timber taken and received from the S.W.¼ of section 8, town 12, of range 22, in Leavenworth county—400 cross-ties, of the value of 50 cts. each, . . . . . . . . . . . . $200 00
Three sets of switch-ties, of the value of . . 100 00

"Total . . . . . . . . . $300 00

This does not seem to us to justify the construction claimed by counsel for plaintiff in error. It is an action on account for the value of certain personal property. It is stated in the ordinary form of an account; all that is claimed is the value

of the property.  Nothing is asked for the injury done to the freehold.  The reference to the realty is simply for the purpose of identification.  Though trespass may have been committed in taking the ties from the land, the law did not compel the defendant in error to seek redress simply by his action for the trespass.  He might waive the trespass and sue for the value of the articles taken.  This we think he did.

The trial was commenced before the justice.  After a few witnesses for the plaintiff had been examined the record of the justice recites that "at this stage of the proceedings question of the jurisdiction of the court was raised by the defendant, and it appearing to the satisfaction of the justice that the title to land was in question in this action," etc., the justice then ordered the action before him to be stayed, and the papers certified to the district court.  The defendant was required to make the affidavit provided for by § 2, ch. 88, Laws of 1870, but failed to do so, and excepted to the ruling of the justice in certifying the case, and gave notice of his intention to file a bill of exceptions.  None however was filed. We cannot say therefore whether the justice ruled correctly that the title to land was then shown by the testimony to be in dispute, but must presume that he did.  That he might have proceeded with the trial, upon the defendant's failure to file the required affidavit, and the defendant have no ground for complaint, may be true; though that we do not decide. But we do decide that the defendant has no ground of complaint in the case as presented.  He raised the question of the justice's jurisdiction.  The justice decided in his favor, and ordered the case stopped, and certified up.  It would be strange indeed if he were permitted now to complain that the justice decided in his favor without a sufficient showing, and to obtain a reversal of a judgment on account of an error committed on his application and in his favor.  Insisting *then* that the justice had no jurisdiction to proceed further, he is now estopped from saying that he had.

On the trial the district court, over the objection of plaintiff in error, admitted in evidence the record of a patent to the

<span style="font-variant: small-caps">2. Title to lands in justices' courts. Practice.</span>

**3. Evidence; record of patents.** land from which the ties were taken without proof that the original was lost, destroyed, or not in the possession or under the control of defendant in error. While this objection might have been well taken if made to the record of any other instrument, we think it is not as to a patent. Ch. 76, Gen. Stat., p. 607, authorizes the recording of patents in the office of the register of deeds. Sec. 2 provides that all duly certified copies of such recorded patents, "shall be received in all courts and places in this state as *prima facie* evidence of the existence of such patents." This we think makes an exception to the general provision of the statutes concerning recorded instruments, and authorized the reception of this record. The patent was to Alexander Caldwell, and conveyed with this quarter-section over 90,000 acres. The original deed from Caldwell to defendant in error was offered in evidence conveying this with other land, in all between five and six thousand acres.

It is objected that the district court erred in permitting an amendment of the bill of particulars, and it is insisted on the **4. Pleadings; amendments; waiver.** authority of *Tarleston v. Brily,* 3 Kas., 433, that a petition should have been filed in that court. As the defendant made no motion to dismiss for want of a petition, nor to compel the plaintiff to file one, nor objected to the introduction of testimony on the ground that there was none, we think he is now in no position to raise this objection. Nor was he prejudiced by trying the case upon an amended rather than the original bill of particulars. More than this: the record shows that plaintiff moved, before the trial, for leave to file a petition, which motion, after hearing both sides, the court overruled.

The refusal of two instructions is also claimed for error. One of them is as follows: "If the jury find that at the time the ties in question were delivered to defendant at Lenape he did not know they belonged to plaintiff, and that the witness **5. Estoppel; good faith of party invoking it.** Cullison then was the agent for plaintiff, and as such agent then had charge and control of plaintiff's timber at that place, and that said Cullison saw

the delivery of said ties to defendant, knowing or believing them to belong to his principal, and so under his control and charge as such agent, and could have notified, but did not notify defendant, before he received and paid for those ties, that they belonged to his, Cullison's, principal, and that the defendant must not receive or pay for them then, even, if the jury find that the ties in question were the property of plaintiff, they must nevertheless find a verdict for the defendant." This was an attempt to apply the doctrine of estoppel. One essential in such cases is, that the party in whose favor it is invoked shall himself be acting in good faith. Now, this instruction ignores that. The testimony in the case shows that it was very probable that the defendant did not know to what particular person these ties belonged, but did know that they did not belong to the parties from whom he was obtaining them — knew in fact that such parties were stealing them from unoccupied lands in the vicinity. To permit the receiver of stolen property to claim title by estoppel, because he was ignorant of the person from whom the thief had stolen it, would be indeed a novelty in the law. The instruction was properly refused.

By the other instruction the defendant picked out a supposed contradiction between the testimony of two witnesses on different trials as to a single point, and asked that the jury be instructed that such a contradiction was a sufficient show-

6. Instructions, as to false testimony. ing of the falsity of a large portion of their testimony on this trial. The court had already instructed the jury generally as to the effect of false testimony when given knowingly and willfully, and we think that was all the instruction necessary to be given on this point. Even if he had not thus instructed the jury, we think this instruction should have been modified before it was given. But to what extent and in what particulars it ought to have been modified, it is probably unnecessary to inquire. Upon an examination of the entire record we think the judgment of the district court should be affirmed, and it is so ordered.

All the Justices concurring.