Hagaman v. Neitzel.

J. M. HAGAMAN v. F. W. NEITZEL.

1. JUSTICES COURTS; Practice; Docket Entries; Bill of Exceptions. The statute directs what matters shall be entered on the docket of a justice of the peace, and if a party desires to preserve the rulings of the justice as to other matters, for review on petition in error, he must take a bill of exceptions.

2. ———— Though a justice enters upon his docket a statement of matters other than those by law directed to be entered thereon, such statement does not thereby become a part of the record and available for review in a higher court upon petition in error.

3. ———— So, where upon a docket in which was entered all the matters directed to be entered, and preliminary to the record of the trial, was this statement: "And now, on this 4th of December 1873, this cause came on for hearing; defendant being in the justice's office, requested to know what time it was, and was informed by the justice that it was ten minutes past ten o'clock by his watch, (ten o'clock being the hour for the trial,) whereupon the defendant requested that the case be called. The plaintiff was not present, but had been in a few minutes before, about fifteen or twenty minutes before ten o'clock. The justice stated that the constable was now preparing a more suitable room for the trial of this cause, and it would be called in a few minutes. Defendant departed, and was not in court again by himself or counsel. Shortly after, the plaintiff en-

tered the justice's office, and claimed that the hour of trial had not arrived, and produced a watch indicating time at ten minutes to ten o'clock A. M., and insisted upon trial of this case, and would risk judgment if it should be in his favor. Thereupon defendant was called three times, and did not answer; and was not in court during the trial. Trial had," etc. *Held*,· that there was nothing in this statement properly before the district court on a petition in error.

4. EXCEPTIONS TO TESTIMONY; *Waiver*. Where no exception is taken to the admission of testimony, any error in its admission is waived.

5. TRESPASS UPON LAND; *Severance and Removal of Property*. Where a trespass has been committed upon real estate, and property severed therefrom and removed, the owner may waive the trespass and sue for the value of the property removed, and the law will imply a promise to pay such value.

*Error from Cloud District Court.*

NEITZEL commenced his action in a justice's court, and filed his bill of particulars as follows:

(*Title*.) "F. W. Neitzel, the plaintiff, claims and demands of J. M. Hagaman the defendant the sum of $179.35, for—

| | |
|---|--:|
| 146 feet of fence, of the value of | $73.00 |
| 22 loads of stone, of the value of | 44.00 |
| 75 bushels of lime, of the value of | 20.50 |
| Cash | 12.00 |
| Payment made on account of well | 12.00 |
| Use of scaffolding lumber | 6.50 |
| 2 walnut lintels, of the value of | 2.00 |
| Work done in digging cellar | 4.50 |
| One-third of cost of trestle used in building | 4.50 |
| ·7 glasses of beer | .35 |
| Making a total of | $179.35 |

All of which is due from the defendant to plaintiff and unpaid."

The facts, and proceedings before the justice, are fully stated in the opinion, *infra*. The district court, at the December Term 1873, affirmed the justice's judgment in favor of *Neitzel*, and *Hagaman* brings the case here on error.

*J. M. Hagaman*, plaintiff in error, for himself:

1. The hour mentioned in the justice's summons for appearance was 9 A. M., and when one hour and ten minutes had elapsed, defendant in error failing to appear, it was error for the justice to refuse to call the case, and affected the sub-

stantial rights of plaintiff in error. Justices Act, § 83; Cowen's Treatise, 353, § 907. The defendant was not bound to wait longer than ten o'clock for the plaintiff to appear; (Justices Act, § 17;) and he having failed to appear before the defendant left the office, all the proceedings thereafter had were *coram non judice.* But Neitzel claims that the watch of the justice was too fast. Were that true, (but is not,) he should not be permitted to profit by it, for he made his own selection of a justice before whom to try the case; he should not expect immunity from loss or defeat by the justice erring in giving the *time* any more than erroneously giving the *law.* But the justice's time was not too fast, as will be seen by his entry: "Shortly afterward plaintiff and his attorney came into the office and produced a watch indicating time at ten minutes to ten o'clock, and *insisted* upon trial of the case and would *risk* judgment," etc. Now, if he satisfied the justice that his watch was correct, and the justice's wrong, why did he have to "insist" upon trial, and agree to "risk" judgment before he was permitted to go on with the trial? The pretension is an absurd one. But the justice had no right to try the case, no matter though he may have been mistaken in the time, and afterward become convinced of such mistake. It was an outrage upon the rights of the defendant for him to take up the case and allow the plaintiff to take judgment after he had misled the defendant by his incorrect statement of the time. The time given by the justice to the defendant must be considered and held to be, for the purposes of this case, the correct time. To hold differently would in effect nullify the law. It is not pretended that the justice was engaged in any other business, nor were both parties present at any time. A defendant *may* wait longer than one hour for a tardy plaintiff to appear, but is not bound to, and if he chooses to leave and does leave, the jurisdiction of the justice is at an end. In specifying a condition upon which the justice may postpone the appearance, or exercise discretion, according to well-settled rules for the construction of statutes, all other grounds are denied; and wisely so, for experi-

ence proves that discretionary power in the hands of ignorant men, such unfortunately as are often chosen to the responsible office of justice of the peace, becomes a weapon of oppression, instead of means for the furtherance of justice.

2. A second error is, that the justice had no jurisdiction of the subject-matter of the first two items in Neitzel's bill of particulars. The bill of exceptions shows that the "146 feet of fence," and the "22 loads of stone," were a part of the land, and that plaintiff in error committed a trespass upon and injury to Neitzel's land with respect to those items. The action then, as to these items was an action for "trespass on real estate," and the amount claimed being more than one hundred dollars, the justice had no jurisdiction. Justice's Act, § 6.

*L. J. Crans*, for defendant in error:

We submit, "*Omnia præsumuntur esse acta.*" Broom's Leg. Max. 907; Cowen's Tr. §§ 907, 909. A party may waive a trespass and sue for the value of the articles taken. 10 Kansas, 67.

The statements in the justice's transcript about sayings and doings of the parties, form no part of the record. 5 Kas. 586; 6 Kas. 144. The defendant below mistook his remedy. He should have appealed, or proceeded under § 144 of the justices act. He allowed the justice no opportunity to correct any error, and the district court could not examine the evidence. 12 Kas. 182; 13 Kas. 269.

The opinion of the court was delivered by

BREWER, J.: Neitzel sued Hagaman before a justice of the peace, and obtained judgment for $125.85. Hagaman took the case by petition in error to the district court, and the judgment was affirmed. Of this he now complains, and asks a reversal. The principal question discussed arises upon a statement of facts in the transcript from the justice's docket. It should be noticed that this transcript shows the filing of a bill of particulars, the issue and return of summons, with a

copy of the constable's return upon the writ, a trial, the defendant not appearing, and a judgment. The summons was returnable on the 4th of December 1873, at 9 A. M. Preliminary to the record of the trial is this statement:

"And now to-wit, on this 4th day of December 1873, this cause came on for hearing; defendant being in the justice's office requested to know what time it was, and was informed by the justice that it was ten minutes past ten o'clock by his watch, whereupon the defendant requested that the case be called. The plaintiff was not present, but had been in a few moments before, about fifteen or twenty minutes to ten o'clock A. M. The justice stated that the constable was now preparing a more suitable room for the trial of this cause, and it would be called in a few moments. Defendant departed, and was not in court again by himself or counsel. Shortly after the plaintiff entered the justice's office, and claimed that the hour of trial had not arrived, and produced a watch indicating time at ten minutes to 10 A. M., and insisted upon trial of this case, and would risk judgment if it should be in his favor. Thereupon defendant was called three times, and did not answer, and was not in court during the trial. Trial had," etc.

Upon this it is contended by Hagaman that he had a right to depend upon the reply of the justice as to the time, and that when the hour for the trial arrived the justice must, if the plaintiff were not present, have dismissed the action, and had no jurisdiction to proceed to a trial thereafter in his (defendant's) absence. On the other hand it is insisted, as a preliminary matter, that this statement of facts is not so presented that any notice can be taken of it. The matters contained in the statement are not matters which properly form a part of the record, and are not preserved in any bill of exceptions. And this we think is correct. The statement is simply one of conversations between the justice and the respective parties. It contains nothing which the statute requires should be entered upon the justice's docket. (Justices Act, § 188.) The justice was under no obligations to enter it upon his docket. It was a mere volunteer act on his part. So far from being under obligations to enter it, he ought not to have done so. He has no right

1. Justices courts; docket entries.

to burden a transcript with other matters than those the law requires him to place thereon. A party aggrieved by any act or ruling of his may have the same preserved in a bill of exceptions. One was taken in this very case in reference to some other matters, as will hereafter appear. And if a party does not care to avail himself of this right, he has no cause of complaint. The mere fact that this statement is found on the justice's docket gives us no right to examine and act upon it. It must be properly there, being either of those matters the law directs to be entered, or else preserved in a bill of exceptions. *McArthur v. Mitchell,* 7 Kansas, 173; *Backus v. Clark,* 1 Kas. 303; *Altschiel v. Smith,* 9 Kas. 90. While we do not think this statement properly before us for decision thereon, we may say that it does not appear but that the justice called the case for trial at exactly 10 o'clock by the correct time; and further, that if a justice does delay calling a case a few moments past the trial-hour, as appears by his watch, to allow for differences in time by different watches, or to have a suitable room prepared for the trial, and notifies a party then present that he will call the case in a few moments, and does so call it, he commits no error so far affecting the substantial rights of such party as to compel a reversal. We do not mean by this that a justice may arbitrarily wait an indefinite time, but simply that an allowance of a few moments, accompanied by notice to a party who is present, works no substantial injury to that party.

2. Unauthorized entries, not reviewable.

The other error complained of is presented in a bill of exceptions. The bill of particulars claimed among other things to recover for 22 loads of stone, and 146 feet of fence. The total claim was $179.35, and included many other articles. Upon the trial the justice received and considered evidence to prove that defendant entered upon the land of plaintiff without his permission, and quarried and carried away a quantity of stone, and also entered, tore down, and carried away, certain posts and boards, and that these were the stone and fence sued for, and also received and con-

4. Exceptions to testimony.

**5. Trespass upon lands.** sidered testimony tending to prove an account arising on contract. No objection was made to the introduction of this evidence, and no exceptions taken. Besides, it does not appear that there was any effort to recover for the trespass, but only the value of the articles taken. A party can always waive the trespass and sue for the value of the property taken, and the law will imply a promise to pay. *Bernstein v. Smith*, 10 Kas. 60.

These being the only matters complained of, the judgment will be affirmed.

All the Justices concurring.