Baird v. Truitt.

## J. C. Baird v. John W. Truitt.

Instructions—*Measure of Damages; Amendment of Pleading After Instruction Given.* The principal issue made by the pleadings, and the principal question litigated at the trial, was, What was the selling-price per thousand of certain apple trees, at Quincy, Illinois, in the spring of 1870? Under the pleadings, the defendant was entitled to recover from the plaintiff one-half the difference between the actual selling-price of said trees and the price at which the plaintiff furnished said trees to the defendant. The defendant alleged in his answer that the actual selling-price was $35 per thousand, and that the plaintiff furnished the trees to him at $50 per thousand. The evidence of the various witnesses at the trial showed that the selling-price was from $32.50 per thousand up to $50 per thousand. The court instructed the jury to find what the selling-price was, in accordance with the evidence. The jury found generally for the defendant, but what they found that said selling-price was, cannot be told from the verdict. The defendant then, with leave of the court, amended his answer so as to allege that the said selling-price of said trees was only $32.50 per thousand, instead of $35 as he had formerly alleged, after which the court rendered judgment in accordance with the verdict, and in favor of the defendant and against the plaintiff, for costs. *Held,* That no substantial error was committed by giving said instruction, or by allowing said amendment, or by any other ruling of the court.

*Error from Lyon District Court.*

Baird brought suit against *Truitt* and wife, on a note for $500 given by *Truitt* alone, and a mortgage given by both defendants to secure the debt evidenced by the note. *Truitt* answered, admitting the making of the note and mortgage, but set up a counterclaim exceeding the amount of said note and interest, and claiming a balance as due him from *Baird.* *Truitt's* counterclaim was in part for alleged false and fraudulent representations made by *Baird* in a certain partnership transaction, concerning which the facts and the instructions and proceedings complained of, are fully stated in the opinion. Trial at the September Term 1874. Verdict and judgment for defendant, and *Baird* brings the case here for review.

*J. J. Buck,* for plaintiff.

*Ruggles & Sterry,* and *J. V. Sanders,* for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This is the second time this case has been brought to this court. (*Truitt v. Baird*, 12 Kas. 420.) This time the case is brought here by the plaintiff below, J. C. Baird; and the principal ground upon which he asks to have the judgment of the court below reversed is the giving of a certain instruction, which reads as follows:

"If you believe from the evidence, that at the time the partnership mentioned in defendant's answer was entered into, that the plaintiff agreed to furnish certain apple trees and grafts as his portion of the capital stock of said partnership, and that he was to furnish said trees and grafts at the price they were selling at in Quincy, Illinois; that plaintiff furnished said trees at a price exceeding their selling-price in Quincy, Illinois; that the defendant not knowing the selling-price in Quincy, and relying on the representation of said plaintiff as to their selling-price accepted them as so much capital stock at such over-price, the defendant will be entitled to recover one-half the difference between the actual selling-price of the trees in Quincy, and the price at which they were put into said partnership."

The ground upon which it is claimed that the giving of this instruction was erroneous is as follows: The defendant's answer alleged that the selling-price of said apple trees, and of such apple trees, at Quincy, Illinois, in the spring of 1870, was $35 per thousand. The evidence showed that the plaintiff actually paid for said apple trees at Quincy only $32.50 per thousand. The instruction, it is claimed, told the jury in effect, that they might find what the selling-price of said trees was in Quincy, in accordance with the evidence, without regard to the pleading. That is, it is claimed that said instruction told the jury that they might find that the selling-price of said apple trees in Quincy was only $32.50 per thousand, although the defendant had admitted and alleged in his answer that said selling-price was $35 per thousand. Now it is not certain that this instruction is open to such criticism; for it was given along with other instructions, and these other instructions stated precisely and exactly what the

9—18 KAS.

issues were, and what the defendant actually did state in his answer. What construction the jury put upon said instruction, and what they found was the selling-price of such apple trees in Quincy, we have no means of determining. The evidence would have sustained a finding of any price from $32.50 per thousand, which the plaintiff actually paid for said trees, up to $50 per thousand, the price at which the plaintiff actually furnished them to the defendant. The ordinary selling-price of such trees at said place was probably about from $35 to $40 per thousand at that time. There were 10,000 of the apple trees, and one-half the difference of the value of the trees at $32.50 per thousand, and $35 per thousand would be $12.50, and the giving of said instruction may possibly have made a difference in the verdict of the jury to this amount.

The jury found a general verdict in favor of the defendant. The defendant then moved the court to allow him to amend his answer so as to allege that the selling-price of said trees at Quincy, Illinois, was only $32.50 per thousand, instead of $35 per thousand, as he had formerly alleged, and the court sustained the motion, and the amendment was so made. The plaintiff claims that this was also error. The plaintiff then moved the court for a new trial, which motion was overruled, and this is also assigned for error. The court rendered judgment in favor of the defendant and against the plaintiff for costs, which is also claimed to be erroneous. It will be seen that all the errors claimed are founded upon the supposed error in giving said instruction. Now for the purposes of this case we shall assume that said instruction is open to the criticism placed upon it by the plaintiff, and that under it the jury found that the selling-price of said apple trees at Quincy was only $32.50 per thousand; and with these assumptions, was there any substantial error committed by the court below? We think not, although we think it was irregular for the court to give the instruction before said amendment was made, or before any suggestion or order that it might be made. A court should generally confine its in-

structions strictly within the issues made by the pleadings.
Probably the court so intended in this very case, but inad-
vertently used language that will bear a different interpre-
tation.   The defendant should have made his amendment
before the instruction was given.  But still, the giving of the
instruction first, and the making of the motion afterward,
even if irregular does not infringe upon any substantial right
of the plaintiff.   No existing issue was changed by said
amendment.   No new issue was presented.   But the same
issue — which was, what was the selling-price per thousand at
Quincy, Illinois, in the spring of 1870, of apple trees such as
plaintiff furnished to the defendant for their said contem-
plated partnership — still remained, as shown by the plead-
ings, after the amendment.   And the question, what was the
price of said trees, was one of the principal questions liti-
gated in the case, and it would seem from the record that
both parties introduced about all the evidence they could
upon this question.   The plaintiff certainly could not have
been misled in this case.   In this state the district court may
permit an amendment to be made to any "pleading, process,
or proceeding" "before or after judgment;" and where "such
amendment does not change substantially the claim or de-
fense," there is no limitation upon the power of the court to
allow such amendment except the requirement that the
amendment must be made "in furtherance of justice."  (Gen.
Stat. 655, § 139;  *National Bank v. Tappan*, 6 Kas. 456;
*Prater v. Snead*, 12 Kas. 447.)   And "no variance between
the allegations in a pleading, and the proof, is to be deemed
material, unless it have actually misled the adverse party to
his prejudice in maintaining his action or defense upon the
merits.   Whenever it is alleged that a party has been so
misled, that fact must be proved to the satisfaction of the
court, and it must also be shown in what respect he has been
misled; and thereupon the court may order the pleading to
be amended, upon such terms as may be just."  (Civil code,
§ 133.)   And "when the variance is not material, as provided
in the last section, the court may direct the fact to be found,

according to the evidence, and may order an immediate amendment, without costs." (Civil code, § 134. See also, *Mo. Valley Rld. Co. v. Caldwell*, 8 Kas. 244.) We think said amendment was allowed "in furtherance of justice." At least, we cannot say that it was not so allowed. Besides, it has often been held by this court, that the district court is clothed with considerable discretion in granting amendments. We think the amendment was properly allowed under § 139 of the code.

The judgment of the court below will be affirmed.

All the Justices concurring.