GEORGE E. SUTTON v. W. H. NICHOLS.

1. MINOR, *Must Sue by Next Friend, or Guardian.*  A minor must sue by his next friend, or guardian; and security for costs will not obviate the necessity of such next friend, or guardian.

2. JUSTICE'S DOCKET; *Unauthorized Entry; Bills of Exceptions.*  A defendant in an action before a justice of the peace, moved to dismiss because the plaintiff was a minor, and the action was not brought in the name of the minor by his next friend, or guardian.  The motion was overruled, a bill of exceptions duly taken, showing that it was proved on the hearing of the motion that the plaintiff was a minor, and judgment was thereafter rendered upon trial in favor of the plaintiff.  On error, *held,* that such motion ought to have been sustained, and that in consideration of the record the reviewing court should ignore a statement made on the docket of the justice prior to the entry of the motion, but not brought on by bill of exceptions, and not connected with any order of the justice, to the effect that defendant waived all objections to being sued by a minor.

*Error from Saline District Court.*

ACTION commenced before a justice of the peace by *Nichols,* as plaintiff, to recover for work and labor done and performed

by him for *Sutton*. The return-day of the summons was 15th November 1876. The entry made that day by the justice is copied into the opinion, *infra*. On the adjourn-day, November 22d, defendant *Sutton* made his motion before said justice to dismiss the case, on the ground that said *Nichols* was a minor, which was overruled by the justice. A bill of exceptions was made before said justice, showing as follows:

"Be it remembered that on the 22d of November 1876, on the trial of the above-entitled cause, it appearing from the records and admissions of the plaintiff in open court that the plaintiff was a minor, about nineteen years of age at the commencement of this action, the defendant moved to dismiss this action for the reason that the plaintiff was a minor, and had not legal capacity to sue, which motion of the defendant was overruled by the court; to which ruling of the court the defendant did object, and except, and the exception is allowed."

The justice gave judgment in favor of *Nichols*. *Sutton* removed the case by petition in error to the district court, where, at the April Term 1877, the judgment was affirmed; and *Sutton* now brings the case here.

*Foster & Banks*, for plaintiff in error:

The jurisdiction of a court of special jurisdiction must appear. It is not presumed. It cannot be extended by construction beyond the letter and probable policy of the statute; (2 Ohio St., 278, 372.) The action of an infant *must* be brought by his guardian or next friend; (civil code, § 31.) The jurisdiction cannot be waived; (civil code, § 91.) Consent cannot give jurisdiction where jurisdiction cannot properly be taken; (11 Ohio St. 501; 12 Kas. 60; 8 Cal. 563.) In the following cases the denial of a motion to dismiss, because plaintiff was an infant, held error: 12 Wend. 199; 13 Wend. 575; 18 Wend. 513. That §§ 31 and 91 of civil code apply in this case, see § 185 of the justices act. And see Pomeroy's Remedies and Remedial Rights, § 208. The justice had no authority to put the supposed agreement to waive the infancy or incapacity of Nichols to sue, on his

docket; and the same was not before the district court and could not be considered. 15 Kas. 387.

The opinion of the court was delivered by

BREWER, J.: Defendant in error sued plaintiff in error before a justice of the peace, and recovered judgment. This judgment was affirmed on error by the district court, and is now brought here for reëxamination. Defendant moved the justice to dismiss the action on the ground that the plaintiff was a minor. This motion was overruled, and this is the alleged error. A bill of exceptions duly taken shows, that it appeared from the records and admissions of plaintiff, in open court, that plaintiff was a minor. If this were all, the question would be one of easy solution, for a minor can sue only by his next friend, or guardian. (Civil code, § 31, Gen. Stat., p. 636.) But in the docket of the justice appears this entry:

"*November 15th, 1876, one o'clock p.m.*—Case called. Present, the plaintiff and defendant. By agreement of the parties to this suit, this case is adjourned for trial to the 22d of November 1876, at 1 o'clock P.M.; and the defendant agrees to waive all right he might have from the fact of the plaintiff being a minor, and asks that the case be tried the same as if the plaintiff was of full and lawful age.

"R. H. BISHOP, J. P."

And it also appears, that before the motion to dismiss was filed the plaintiff had been required to give and had given approved security for costs. Now it may be said that the fact that plaintiff was a minor, was a defect which defendant could alone raise, and that he had already waived it; that the object in requiring the action of a minor to be brought by his next friend, or guardian, is, that there should be some responsible party against whom, if the plaintiff loses, a judgment may be rendered for costs, and that here approved security had already been given. On the other hand it is said, that the waiver above quoted is not a matter which by statute goes upon the record, was not brought upon it by bill of exceptions, and must therefore, under the authority of

*Hagaman v. Neitzel,* 15 Kas. 387, be disregarded, and that the statute is peremptory, that an action of a minor must be by his next friend, or guardian. So far as the last matter is concerned, we have had little difficulty. The positive requirement of the statute cannot be obviated by the mere giving of security for costs. The guardian or next friend is not merely responsible for the costs; he controls the action, and directs the manner of its management. The law does not deem it wise to grant to a minor unlimited license to sue; it prefers that he should be guided and directed by the discretion of some adult person. With regard to the former we have had much doubt. But we have concluded that it is a statement not properly on the record, and therefore to be disregarded. It is not a matter named in the statute as one of the entries on the justice's docket. It is not an order of the justice, nor a motion of one of the parties. Neither is it connected with or made the basis of any order. It is not an entry of appearance, nor a waiver of any defect in the process, or service. It is true, it purports to be a consent of one of the parties made in open court; but it does not follow from this that it is a matter the justice may rightfully enter on his docket. Many agreements of counsel, or parties, of like character, must be shown by bills of exceptions, if advantage is to be sought thereafter from them. Whatever is in the nature of testimony, clearly must be so shown.

Here we find a motion to dismiss, regularly made and decided, a bill of exceptions showing proof of the fact stated in the motion; and all this is to be overthrown by a statement, found on the justice's docket, disconnected from any motion, or order, that the defendant had theretofore waived the defect. Suppose an action of attachment, charging nonresidence of the defendant as ground therefor, a motion made to dissolve, and proof that defendant was in fact a resident, the motion overruled, and a bill of exceptions of the testimony and ruling taken: would it not seem strange, to a party prosecuting error, to find that the justice had noted on his

docket a statement that defendant when he first appeared admitted that he was a nonresident? and to have this entry presented as sufficient answer to his claim of error? There is danger too, of wrong, from such entries as this. The justice may without intentional wrong enter statements of consent or admission from some general talk between the parties, when neither party understands that such consent or admission has been in fact made. The litigation proceeds on both sides as though none had been made. Bills of exceptions are prepared upon the like belief; and only when a copy of the docket is asked, for purposes of error in the district court, is the entry of the supposed consent or admission noticed. Bills of exceptions are ordinarily examined by both parties before they are signed, but the justice makes up his docket entries himself, and without consultation with the parties. And we see no wisdom in enlarging the scope of his docket.

For this error the judgment must be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.