JACOB BRUST V. HENRY GREEN.

SPECIAL CONSTABLE; *Appointment and Oath; Presumption.* Where the defendant in an action before a justice of the peace moved the court to set aside the service of the summons upon grounds which were held by the justice of the peace to be insufficient, and which were in fact insufficient; and afterward the defendant took the case to the district court upon petition in error, where the judgment of the justice of the peace was affirmed; and afterward the defendant brought the case to the supreme court upon petition in error; and in the supreme court he claims that the judgment of the district court should be reversed, for the reason that "the record in this case does not show affirmatively that the justice was authorized to appoint the special constable who served the summons, or that he took the oath required by statute," (section 172 of the Justices Code,) and the questions with regard to the authority of the justice to appoint the special constable and with regard to the qualification of the special constable were not raised in the justice's court: *Held*, That it is too late to afterward raise the questions, and in the absence of anything tending to show the contrary, it will be presumed that the justice of the peace did have authority to appoint the special constable, and that the special constable took the required oath.

*Error from Clay District Court.*

ACTION by *Green* against *Brust*, upon an account. At the May Term, 1882, plaintiff had judgment for $146.80 against defendant, who brings it here for reversal. The opinion states the facts.

*Anthony & Kellogg*, for plaintiff in error.

*S. A. Burroughs*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced originally before a justice of the peace of Republican township, Clay county, by Henry Green against Jacob Brust, to recover on an account amounting to $110.62. A summons was issued December 13, 1882, and directed and delivered to "James Tate, special constable of said township," and made returnable on December 18, 1882, at 10 o'clock A. M. On December 14, 1882, the constable returned this summons to the justice, with

the following return indorsed thereon, to wit: "Received this writ December 13, 1882, and served the same by delivering a copy thereof, with the indorsements duly certified, to the within-named defendant.— JAMES TATE, Constable." Both parties appeared before the justice, and ordered subpenas to be issued for witnesses. The defendant made his appearance before the justice for this purpose on December 15, 1882, and subpenas were issued by the justice as he requested. On December 18, which was the return-day of the summons and the day set for trial, both parties appeared, the defendant appearing specially and filing the following motion, to wit, (court and title omitted:)

"Now comes the defendant, Jacob Brust, by Anthony & Kellogg, his attorneys, appearing specially and only for the purpose of this motion, and moves the court to set aside the service of the summons in this action, for the reason that there has never been a copy of the summons served with the indorsements thereon certified by the person serving the same to be a true copy delivered to the defendant or left at his usual place of residence, nor has there been any other act done in this case equivalent to service of summons."

This motion was heard by the justice upon affidavits, and possibly upon other evidence, but upon what other evidence, if any, the record does not show; and neither does the record show whether we have all the evidence before us which was presented to the justice of the peace on this motion, or not. This motion was overruled by the justice, who at the time made the following order and entry on his docket, to wit:

"The court, after hearing the arguments of counsel, overruled said motion, on the ground that defendant voluntarily appeared in said cause; that on December 15, 1882, the defendant voluntarily appeared, and had three subpenas issued in his behalf in said cause and took copy of bill of particulars filed by plaintiff, to which ruling the defendant excepted; and the defendant and his attorney, after filing their bill of exceptions, withdrew from the court. Witnesses for the defendant claimed their fees and mileage."

The justice then heard the plaintiff's evidence, and rendered judgment in favor of the plaintiff and against the defendant

for the sum of $97.75, with interest and costs. The defend-
ant then took the case to the district court on petition in error,
where the judgment of the justice of the peace was affirmed.
The defendant then brought the case to this court on petition
in error. The grounds alleged for error in this court are, that
the defendant was not duly served with summons in the jus-
tice's court, and therefore that the justice did not have any
jurisdiction over his person, or to hear or determine the case,
and therefore that the district court erred in affirming the judg-
ment of the justice of the peace. But the grounds urged in
the brief of plaintiff in error, defendant below, for reversal,
are not the grounds set forth in the defendant's motion in the
justice's court to have the service of summons set aside. The
grounds urged for reversal in this court as set forth in the brief
of plaintiff in error, defendant below, are as follows:

"The record in this case does not show affirmatively that
the justice was authorized to appoint the special constable who
served the summons, or that he took the oath required by stat-
ute. (Sec. 172 of the Justices Code; Comp. Laws of 1879,
p. 729.)"

Now we do not think that the judgment of the court below
can be reversed, for either of the grounds alleged in the defend-
ant's motion before the justice of the peace to set aside the ser-
vice of the summons, or the grounds urged in this court in the
defendant's (plaintiff in error's) brief. The record brought
to this court does not show that no duly-certified copy of the
summons, with the indorsements thereon, was served upon the
defendant; but the record, so far as it goes, shows that a duly
certified copy of the summons, with all the indorsements there-
on, was duly served upon the defendant. And no question
was raised in the justice's court as to whether the justice was
duly authorized in accordance with the provisions of § 172 of
the justices code, to appoint the special constable who served
the summons, or not; or whether the constable took the oath
required by said section, or not.

In all probability the justice of the peace was amply author-
ized to make the appointment under the circumstances of the

case; and in all probability the constable took the required oath; and if the question had been raised in the justice's court, the justice would undoubtedly have made his docket so show. We think it is too late for the plaintiff in error, defendant below, to afterward raise this question. He should have raised the question in the justice's court. We do not think that the record in this case shows any error, and therefore the judgment of the court will be affirmed.

All the Justices concurring.