E. WINTER *et al.* v. G. W. C. SHUTTER.

1. JUSTICE'S COURT — *Appeal* — *Pleadings.* When a party takes a case by petition in error from a judgment of a justice's court to the district court, the bill of exceptions should set out all the pleadings filed in the justice's court.

2. BILL OF EXCEPTIONS — *Amendments of Answer, not Shown* — *Error.* Where the bill of exceptions in such a case set forth the original answer in full, and also that amendments have been allowed thereto, but such amendments are not shown, it is error to reverse a judgment in favor of defendant because a tender was alleged in the original answer.

*Error from Greenwood District Court.*

IN October, 1886, the defendant in error commenced action in justice's court against the defendants, asking judgment for the amount of $129.16. The defendants answered by a general denial, an offset, and the tender of $25, and deposited that amount with the justice of the peace. A trial was had before the justice and a jury, and a verdict rendered in favor of defendants for $22.14. After the verdict was returned, and by leave of the court, the defendants amended their bill of particulars to conform to the verdict, and demanded a withdrawal of their tender, which was refused by the court. Plaintiff immediately filed his motion for a new trial, and upon the hearing thereof a new trial was granted. The defendants again demanded a withdrawal of their tender, to which the plaintiff objected, and announced that he was willing to accept the sum, and asked that it be paid over to him by the court. The court refused to pay the money to plaintiff, but did pay it to the defendants over the plaintiff's objection. Subsequently a trial was had on the bill of particulars of plaintiff and the general denial and offset of defendants before the justice alone, and he rendered a judgment for defendants for $22.14. The plaintiff filed a motion for a new trial; this motion was overruled, and a bill of exceptions, so called, was allowed, and the case taken to the district court by petition in error. At the May term, 1887, of the district court, judg-

ment was rendered for the plaintiff, reversing the judgment of the justice's court, and holding the cause for trial. The defendants were ordered by the court to deposit with the clerk the sum of $25, amount of tender in said case, and upon their failing to do so the court held them as guilty of contempt of court for not complying with said order. Subsequently the defendants deposited the amount under protest, when the plaintiff, having received said sum, came into court and dismissed the action without prejudice, over the objection of defendants. They filed a motion for a new trial, which was overruled. Complaining of this judgment of the district court, the defendants bring the case here for review.

*W. S. Marlin,* for plaintiffs in error.

*T. L. Davis,* and *G. W. C. Shutter,* for defendant in error.

Opinion by HOLT, C.: The bill of exceptions allowed by the justice of the peace did not contain all the pleadings, and none of the evidence. We are therefore unable to learn definitely from the transcript what issues were tried in the justice's court at the second trial. The defendants' original answer was evidently set forth in full, but after the verdict of the jury in their favor it is stated that it was "amended so as to conform to the verdict." What that amendment was, is not shown. It is in the transcript, however, that the second trial was had before the court without a jury, on the bill of particulars of plaintiff and the general denial and plea of offset of defendants, when the court rendered a judgment for the defendants for $22.14.

The original pleadings in the justice's court should have been set forth in full in the transcript, with all the amendments thereto that were allowed. Section 112*b* of civil procedure before justices provides:

"In all bills of exception it shall be competent for the party preparing the same to set out the pleadings, motions and decisions of the justice of the peace thereon, and the whole of the evidence given, or so much as may be necessary to preserve

35 — 42 KAS.

the point or points decided on the trial, and the ruling and decisions of the court and the exceptions made thereto on the trial."

The word "competent" in this section evidently means sufficient. There is no provision in this section for setting out a part of the pleadings, as there is concerning the evidence, and it is fairly inferred that the pleadings should be set forth in full in the transcript.

We think the bill of exceptions signed by the justice was insufficient for this reason, and the case should have been dismissed by the district court. The reasonableness of this rule is illustrated in this case. The decision of the district court was evidently based upon the plea of tender set forth in the transcript. That may have been stricken out when the defendants' answer was amended so as to conform to the verdict of the jury in the first trial. It is not mentioned as being a part of the pleadings in the second trial before the justice. From the imperfect record brought here it was shown that that trial was had upon the bill of particulars of plaintiff and the general denial and plea of offset of the defendants. Nothing is said of the plea of tender which was originally filed by the defendants. It should be presumed, to uphold the judgment of the justice, that the defendants' answer had been amended by striking out that plea. It was within the power of the justice's court to allow such amendment. We call attention as bearing upon this point: *Baird v. Truitt*, 18 Kas. 120; *Reilly v. Ringland*, 39 Iowa, 106; *Reynolds v. West*, 32 Ark. 244.

We recommend that the judgment be reversed, and the district court ordered to dismiss the petition in error.

By the Court: It is so ordered.

All the Justices concurring.