DANIEL HENNIGH *et al.* v. THE COMMERCIAL NATIONAL BANK.

JUSTICE OF THE PEACE, *Appeal From—Defective Record.* In this case a petition in error was filed in the district court to reverse a judgment of a justice of the peace for error in excluding testimony, but, as neither the motion for a new trial, notice of the time of hearing the same nor the action of the justice of the peace thereon was incorporated in the bill of exceptions, such errors could not be considered, and the district court rightly affirmed the judgment.

*Error from  Labette  District  Court.*

THE opinion states the case.

*J. H. Crichton,* and *F. M. Smith,* for plaintiffs in error.

*Leroy Neale & Son,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This action was instituted before a justice of the peace on a promissory note for $100, and interest, executed by the plaintiffs in error.  At the instance of the defendant, a jury was impaneled, and on the trial the defendant sought to prove that the note was obtained by fraud of a partner of the payee of the note, with the knowledge of the payee, but the court excluded this evidence, and directed a verdict for the plaintiff for the amount claimed, and entered judgment accordingly.

It is urged on behalf of the plaintiffs in error that they had a right to show that the note was obtained by fraud of the payee, and that then the burden would shift to the plaintiff to show that it is a *bona fide* holder for value before a recovery could be had.

Counsel for the defendant in error calls our attention to the fact that no motion for a new trial before the justice of the peace is properly in the record; that the only way in which errors committed on the overruling of a motion for a new trial by a justice of the peace can be presented to the district court is by incorporating the motion, notice and the ruling of the justice thereon in a bill of exceptions.  This was not done in this case.  While a copy of a motion for a new trial appears in the record, and also what purports to be an entry on the justice's docket, stating that a motion for a new trial was filed, heard, and overruled, there is no copy of any notice of the motion, nor are any of these matters included in a bill of exceptions.  There is an affidavit, however, made by F. M. Smith, the attorney for the plaintiffs in error, sworn to before the clerk of the district court, and filed with said clerk long

after the petition in error had been filed in that court, stating that he served a notice of motion for a new trial on the defendant's attorney; that such notice had been misplaced, and that he was unable to find the same. It does not appear from the affidavit that any notice of motion or proof of service thereof was presented to or filed with the justice at the time he overruled the motion for a new trial.

Section 110 of the act concerning procedure before justices authorizes the granting of a new trial, on motion. Section 111 provides that the opposite party shall have reasonable notice of such motion, if not made on the day of the trial and in the presence of such party. The justice of the peace may have overruled the motion because no notice had been given as required by the section referred to. The attorney's affidavit, filed originally in the district court, could not be used to supplement the record brought up from the justice's court. The statute provides what entries shall be made in the docket of a justice of the peace, but makes no reference to proceedings on a motion for a new trial. The entry with reference to such motion, therefore, is not a part of the record. (*Hagaman v. Neitzel*, 15 Kas. 383; *Sutton v. Nichols*, 20 id. 43.) As the alleged error of the justice of the peace could only be reviewed by the district court after a motion for a new trial had been properly made and overruled, and as the record brought to the district court failed to properly show by a bill of exceptions the motion, notice and ruling of the justice of the peace thereon, the district court rightly sustained the ruling of the justice of the peace, and its judgment is affirmed.

All the Justices concurring.