BENJAMIN FRIEDBERG v. J. K. CUBBISON.

No. 296.

ERROR FROM JUSTICE'S COURT—*notice of filing and time of hearing of motion for new trial must appear in bill of exceptions.* Where a petition in error is filed in the district court to reverse a judgment of a justice of the peace for errors of law occurring at the trial, and no notice of the filing or the time of hearing of the motion for a new trial—which was filed after the day of the former trial—is incorporated in the bill of exceptions, such errors cannot be considered, and the trial court properly affirmed the judgment.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed December 18, 1897. *Affirmed.*

*Getty & Hutchings*, for plaintiff in error.

*J. K. Cubbison*, for himself.

McELROY, J. This action was commenced in a justice's court of Wyandotte County, by J. K. Cubbison, to recover the sum of $250 for services as attorney at law, performed in pursuance of a contract with Benjamin Friedberg. The defendant denied liability. On May 3, 1894, trial was had, and the justice rendered judgment in favor of the plaintiff and against the defendant for $263.80. A motion for a new trial was filed and overruled, and exceptions taken. The action was taken to the District Court of Wyandotte County, by petition in error and bill of exceptions. On the hearing, the District Court affirmed the judgment of the justice of the peace. The case is presented to this court by petition in error and a transcript of the record.

It is contended by the defendant in error that no motion for a new trial properly appears in the record,

for the reason that, where a motion is filed after the day on which the former judgment was rendered, the motion, the notice, and the ruling, must be incorporated in the bill of exceptions. The bill of exceptions in this case does not contain any notice of the motion for a new trial, nor proof of service of such notice. The judgment was rendered on May 3, 1894, and the motion for a new trial was filed, argued and overruled on May 4, 1894.

In justices' courts the opposite party must have a reasonable notice of the motion for a new trial, if the motion is not made on the day of the former trial and in the presence of such party. § 111, Procedure Civil, Before Justices. It seems that this notice, when the motion is not made on the day of the former trial and in presence of the party, is a condition precedent to the right of the justice of the peace to sustain the motion. Where notice of a motion is required, it must be in writing, and it must be served a reasonable time before the hearing; and the return of the officer, or the affidavit of the person serving it, shall be proof of service. The service must be made on the party or his attorneys of record, and must be made as required by law for service of summons. If no notice was given of the motion for a new trial, it would be the duty of the justice to overrule the motion for that reason. It does not appear from the record in this case why the motion for a new trial was overruled, and it may have been overruled for the reason that the notice was not given. *Hennigh v. National Bank*, 53 Kan. 370.

Errors of law occurring at the trial before a justice of the peace can only be reviewed by the district court after a motion for a new trial has been properly made and overruled; and as the record brought to

the District Court failed to show by bill of exceptions the notice and service of the notice of the motion for a new trial, the District Court properly sustained the ruling of the justice of the peace.

The judgment is affirmed.