### E. F. MADDEN v. J. P. RIEDEL.

No. 14,034.   (80 Pac. 45.)

#### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Bill of Exceptions from Justice's Court.* To enable the district court to review upon error the proceedings before a justice of the peace relating to a motion to quash the service of a summons made by a person specially deputed for the purpose at plaintiff's request, the summons, the motion, the affidavits used in support of the motion, an agreement of counsel respecting the facts and the justice's ruling must all be preserved in a bill of exceptions.

Error from Ellis district court; JAMES H. REEDER, judge. Opinion filed March 11, 1905. Reversed.

*W. E. Saum,* and *A. D. Gilkeson,* for plaintiff in error.

*C. W. Reeder,* and *E. A. Rea,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: Madden sued Riedel before a justice of the peace, and by his attorney requested that the summons be served by a person specially deputed for the purpose, which was done. The defendant appeared specially and filed a motion to quash the service of summons upon him because of facts alleged to be sufficient to vitiate the appointment and authority of the special constable. The proof of such facts was contained in an affidavit filed with the justice, and in an admission of the parties which the justice entered upon his docket. The motion was denied and an exception to the ruling noted upon the justice's docket. The defendant declined to appear further and the action proceeded regularly to judgment against him. He then instituted a proceeding in error in the district court to reverse the judgment of the justice upon the

ground that his motion to quash the service of process had been denied erroneously. He attached to his petition in error what is called a "transcript of the record" in the justice's court. It contains a copy of the various papers filed, and a copy of the justice's docket entries, and is certified as "a full, true and correct transcript of the records, files and proceedings" in the case. Nothing answering to the description of a bill of exceptions appears. In the district court the plaintiff resisted consideration of the error complained of because none of the matters essential to review was preserved by a bill of exceptions. The district court decided otherwise and reversed the judgment of the justice of the peace.

The judgment of the district court was wrong. The justice had authority, upon request, to make a special deputation by virtue of section 5433, General Statutes of 1901, which reads as follows:

"A justice, at the request of a party, and on being satisfied that it is expedient, may specially depute any discreet person of suitable age, and not interested in the action, to serve a summons or execution, with or without an order to arrest the defendant or to attach property. Such deputation must be in writing on the process."

A justice is not required to enter a special deputation upon his docket, nor any other matter relating to a summons or its service besides the date of the writ and the time of its return, except it be accompanied by an order of arrest or of attachment. Nor is a justice required to enter upon his docket a motion to quash the service of a summons, or affidavits in support of such a motion, or an agreement of parties relating to the facts involved in such a motion. (Gen. Stat. 1901, § 5424.)

All matters not required to be entered upon the justice's docket must be embodied in a bill of exceptions to make them available in a proceeding in er-

12—71 KAN.

ror in the district court. (*Hagaman v. Neitzel,* 15 Kan. 383.)

Docket entries of matters not directed by the statute to be placed there, including agreements and admissions of counsel, will be ignored. (*Sutton v. Nichols,* 20 Kan. 43, 46.)

Affidavits used as evidence on the hearing of a motion must always be preserved by a bill of exceptions to be reviewable in a proceeding in error. (*Backus v. Clark,* 1 Kan. 303, 83 Am. Dec. 437; *Altschiel v. Smith,* 9 id. 90; *Jenks v. School District,* 18 id. 356.) There is no difference in this respect between proceedings in error from justices' courts and proceedings in error from district courts.

If the error sought to be corrected relates to the denial of a motion, the motion and the action of the justice upon it must be incorporated in a bill of exceptions. (*Hennigh v. National Bank,* 53 Kan. 370, 36 Pac. 711.)

The same rule applies to pleadings (*Winter v. Shutter,* 42 Kan. 544, 22 Pac. 564), and by necessary interpretation of the statute must apply to the summons itself, and all indorsements upon it, whenever its presence in the record is essential to a determination of its sufficiency.

This being true, the district court had nothing whatever before it upon which to base a conclusion that proper service had not been made, and in the absence of a showing of error regularity must be presumed. (*Brust v. Green,* 32 Kan. 182, 4 Pac. 81; *Winter v. Shutter,* 42 id. 544, 546, 22 Pac. 564.)

The judgment of the district court is reversed.

All the Justices concurring.