## D. J. JENKS v. SCHOOL DISTRICT.

1. OFFICIAL BONDS; *Principal, and Sureties; Several Liability.* All official bonds are joint and several, and a suit may be maintained on the bond of the treasurer of a school district against one, or all of the obligors, or against any of them.

2. ——— Where a suit is brought against joint and several obligors, in which process is not served on all the defendants, judgment may be taken against those served, and the judgment is no bar to subsequent proceedings against one not served at the rendition of the judgment.

3. SCHOOL-DISTRICT TREASURER; *Action on Official Bond; Demand.* Where the treasurer of a school district resigns his office, removes from the district and county in which he had lived, conceals his place of abode, and neglects to pay over to his successor in office the money in his hands as such treasurer belonging to the district, no demand therefor is necessary to maintain a suit on the official bond of such treasurer for the recovery of the money so wrongfully retained.

4. ERROR, *Not Reviewable, Unless Duly Saved by Bill, or Case.* Affidavits on a motion in the court below, to become a part of the record so as to be reviewable by the supreme court, must be included in the bill of exceptions, or the case made.

### Error from Coffey District Court.

ACTION by *School District No. 38*, Coffey county, upon an official bond given by Walker, as treasurer. Service was made upon *Jenks* and Fleming, two of the defendants. Fleming made default, and judgment was taken against him for the full amount claimed. *Jenks* answered, and as to him, trial was had, and judgment rendered for plaintiff. *Jenks*

brings the case here. The opinion of the court contains a
sufficient statement of the facts and proceedings.

*W. L. McConnell*, for plaintiff in error. (No brief on file.)

The opinion of the court was delivered by

HORTON, C. J.: This was an action on a bond of a treas-
urer of a school district, brought by the district against R.
S. Walker, principal, and D. J. Jenks and another as sure-
ties. Service of the summons was made on Jenks, plaintiff
in error, but as to Walker the summons was returned not
served, as said defendant could not be found in Coffey county,
and had no place of residence in such county. Jenks filed a
general denial to the petition, and also set forth in his answer
certain sums paid out by Walker as such treasurer, upon or-
ders duly drawn upon him, and which Jenks claimed as a
set-off to the cause of action stated. A reply was filed to the
answer of Jenks, denying the claim or set-off therein con-
tained. On 29th August 1874, by consent of plaintiff in
error and defendant in error given in court, the court directed
a reference to Enos Strawn, Esq., of the issues of fact to be
tried in the case. The referee afterward, on 9th December
1874, filed in the office of the clerk of the court of said Cof-
fey county his report and findings, and thereupon the court
rendered judgment against plaintiff in error for $1,085.05,
and costs, which judgment Jenks now seeks to reverse.

I. The first errors complained of are, that the trial was
proceeded with in the court below against the surety, with-
out the service of a summons on the principal to the bond,
and that the court overruled a motion of plaintiff in error for
a continuance for service of summons on said principal. The
reasons given in the court below against proceeding with the
trial in the absence of service on Walker, were simply, that
said Walker was principal on the bond, and he had not been
served with process in the suit, and as Jenks was only a
surety the case should be continued until such service had
been obtained. The counsel for the plaintiff in error now

suggests that the liability of the surety is so dependent upon that of the principal, that until the liability of the principal is fixed by a suit to which the principal is a party, the surety cannot be held liable.   The district court committed no error in its action in overruling the motions for a stay of proceedings, and for a continuance.   Under our statutes, the bond sued on was a joint and several obligation.   The defendant in error could elect to bring a separate action against each obligor, or a joint action against all, or any.   Where a suit is brought against joint and several obligors, in which process is not served on all the defendants, judgment may be taken against those served, and the judgment is no bar to subsequent proceedings against those not served at the rendition of such judgment.   In this instance, the principal obligor had run away.   The plaintiff in error was a proper defendant, and the court ruled rightly in ordering the case to proceed, and in refusing any continuance.

II.  Error is also alleged, that the petition did not state facts sufficient to constitute a cause of action against said Jenks.   Such is not the case, and the objection thereto was justly overruled.   The petition set forth a copy of the official bond of the treasurer of the date of 18th April 1873, which was in due form; that the bond was approved by the director and clerk of the district, and filed with the clerk; that said Walker at the date of said bond had been duly elected to the said office of treasurer; that after the execution of the bond he filed his oath of office, and took upon himself the duties of the office, and from April 19th to November 3d 1873 he continued to act as such treasurer; that on the 3d of said November he resigned the office, and on the following day, Nov. 4th, removed from the school district; that one William J. Bazil was duly appointed his successor on Nov. 13th, and that on the same day he duly qualified as such treasurer and immediately entered upon the discharge of the duties of the office; that while Walker held the office he received $1,875 of moneys belonging to said school district, and that there remained in his hands all of said money; that his successor

in office had been prevented from making any demand of Walker for the money belonging to the school district by reason of his continued absence from the school district, and from his usual place of residence; that said Bazil had not been able by diligent search and inquiry, to find his whereabouts; that said Walker had wholly neglected and failed to pay over to his successor in office the $1,875 in his hands, the property of said school district, or any part thereof, as by the said writing obligatory he had bound himself to do, but had converted all of said money to his own use; that none of the defendants had paid over to said Bazil, successor of Walker as such treasurer, the $1,875, or any part thereof, and that thereby the said school district was damaged in the sum of $1,875, for which judgment was demanded. After Walker had resigned his office as treasurer, had left the school district and his usual place of residence, and concealed himself so that he could not be found, no demand for the moneys in his hands belonging to the school district was necessary before instituting suit. Upon the qualification of his successor in office, it was the duty of the ex-treasurer to pay over any and all money in his hands belonging to the district, which he had collected as such treasurer. Failing to perform his duty, a liability accrued upon his official bond, and his sureties were liable for all money so collected by him, and which he neglected or refused to pay over in accordance with the provisions of the statute.

III. Error is further alleged, because the court refused to set aside the report of the referee. No sufficient grounds are shown for such allegation. The report embodies findings sustaining the averments of the petition, and showing that on April 19th 1873, and afterward, there was in the hands of Walker as such treasurer, of the money belonging to the district, $1,010.25; that between said date and November 1st he received as such treasurer, $122.05, and during all said time he only paid out $125.25, leaving $1,008.05 unaccounted for. For this sum, with interest from the date of the qualification of his successor, the plaintiff in error is

liable, and there was no error in rendering judgment therefor. The claim that the report consists of mixed conclusions of law and fact is not sustained so far as any material finding is concerned. Ample facts were reported to support the conclusions of law of the court and the judgment rendered. The execution of the bond was admitted by the pleadings, and the referee need not have made any finding thereon. After finding that Walker had resigned his office as treasurer, had removed from the district and from Coffey county on or about Nov. 1st 1873, and that his successor had been unable to find him, nothing further was required to show a demand, or any diligence on the part of his said successor in hunting him up to make a demand.

IV. Complaint is made concerning alleged misconduct of the referee, and in regard to the action of the judge in considering the motion of the plaintiff in error to set aside the referee's report, and the motion of the defendant in error for judgment, in vacation, and outside of Coffey county. No bill of exceptions was taken upon the trial; and as no "case-made" has been brought to this court, we cannot consider the questions attempted to be raised in the brief, as to the alleged misconduct of the referee, or the action of the judge of the court below. There are copies of affidavits in the transcript; but to become a part of the record, so as to be reviewable by this court, they should have been included in a bill of exceptions, or preserved in a case-made. We are not informed upon what proof or evidence the district court acted upon the motion challenging the report of the referee for prejudice and misconduct on the part of the person to whom the refference was made; and this conclusion also applies to the charge that the referee allowed one William B. Parsons to prepare the report. *Backus v. Clark*, 1 Kas. 303; *Altschiel v. Smith*, 9 Kas. 90. The record shows that the proceedings were all had in term time, and in Coffey county; and we cannot presume irregularities by the district court, or the judge thereof, on mere suggestion of counsel.

The judgment of the court below must be affirmed.

All the Justices concurring.