A. C. SCHILLING *et al.* V. WILLIAM BLACK.

1. CONSTABLE — *Breach of Bond — Action — Parties.* A constable and the sureties on his official bond may be joined as defendants in an action for a breach of the condition of such bond.

2. ——— *Joinder of Actions.* A cause of action against a constable for a breach of the condition of his official bond may be joined in the same action with a cause of action against the sureties on such bond for the same breach of the condition thereof.

3. SILENCE OF OWNER — *No Estoppel.* In an action by the owner of property against an officer for a breach of the condition of his official bond, in wrongfully seizing and selling said property, the silence of the owner does not operate as an estoppel to his recovery therein.

*Error from Kingman District Court.*

ACTION by *Black* against *Schilling*, constable, and *Van Fassen* and *Faught*, sureties, for a breach of Schilling's official bond. Judgment for plaintiff. Defendants bring error.

*Wallace & Smoot*, for plaintiffs in error:

The sureties in this case were brought in and joined, improperly we think, with the constable, on a claimed condition broken in said bond, before it had been determined that there was any breach of said conditions. Who can say that the officer will not respond to any judgment rendered against him individually until it is tried? Why should not a remedy against the constable for his wrong, and his property be first exhausted before calling upon his sureties? We think the

code contemplates this. See § 478, chapter 80. We do not think that it is proper to try the rights of property in an action upon a constable's bond, without, at least, a *prima facie* showing that the conditions have been broken, such as an amercement, or judgment against the constable, or a judgment of some court upon which the constable has collected money, or taken property and failed to turn the same over to the judgment creditor in conformity with said judgment. *Dodge v. Kincaid,* 30 Kas. 346; *Fay v. Edmiston,* 28 id. 105; *Fay v. Edmiston,* 25 id. 443; *Graves v. Buckley,* 25 id. 250. Has plaintiff an action against sureties until he has taken some steps to make the constable respond? If he was directed to levy on the property of one man, as the petition states, and levied upon property of another, then that is a tort for which sureties are not liable, and is a misjoinder of causes of action. *Hoye v. Raymond,* 25 Kas. 668.

The demurrer confesses the three special answers to be true, and the facts therein alleged are, indeed, true. Now, are they sufficient? We maintain they are. The first special answer shows that appellee attended the trial before the justice of the peace in which his son was defendant, and the horse he now claims as his was being litigated as the property of his son, and yet he never opened his mouth and knew that his son did the same, but both sat in silence regarding the ownership of the horse, heard the judgment of the court, and knew the horse was ordered sold as the property of the son, and yet made no protests of any kind. 2 Herm. Estop., §§ 773, 774; *Montgomery v. Gordon,* 51 Ala. 377; *Dorlague v. Cress,* 71 Ill. 380; *Noble v. Chrisman,* 88 id. 186.

Notwithstanding the courts of Ohio (11 Ohio St. 527) have gone farther than our own courts upon the construction of a similar provision to § 152a, chapter 81 of our code, yet all agree that said section is for the protection of the constable. *Clark v. Wiss,* 34 Kas. 555; *Dilley v. McGregor,* 24 id. 362; *Armstrong v. Harvay,* 11 Ohio, 527.

If the appellee did not choose to replevy or interplead in the attachment proceedings, then it seems to us, under the cir-

cumstances of this case, that he should have proceeded under said § 152*a*, and established a *prima facie* right to said property, before bringing an action against appellants on the constable's bond. *Graves v. Butcher*, 24 Kas. 291. See, also, 2 Herm. Estop., §§ 733, 738, 750, 759, 776; *Carithers v. Weaver*, 7 Kas. 125; *Palmer v. Meiners*, 17 id. 483.

"Whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." 2 Herm. Estop., § 766, and 112 citations thereunder, including nearly every state in the union. This proposition is too familiar for comment.

*O. H. & J. C. Bentley*, for defendant in error; *Lin D. Hay*, of counsel:

There was nothing in the demurrer offered in the court below, and the court very properly overruled it. A trial was then had which was fair, and the ruling of the court was fair and according to law. The proper parties were in court. The action was against the defendants, who were the principal and sureties on an official bond. The bond covered the acts of the officer as such. *Neal v. Keller*, 19 Kas. 113. The suit was properly maintained against all of the obligors on the bond. *Jenks v. School District*, 18 Kas. 356. Section 478 of chapter 80, cited by counsel, throws no light on this question. See *Fay v. Edmiston*, 28 Kas. 105. There is only one question in this case. Was there a breach of the bond? *Fay v. Edmiston*, 25 Kas. 443. Sections 151 and 152 of chapter 81, Revised Statutes, were substantially taken from Ohio statutes, and the construction given to them in that state must be adopted in this state. *Dilley v. McGregor*, 24 Kas. 362. No person is bound to claim his property under this statute. He may at once commence his action at common law against the officer, and if he prefer the statutory remedy he should be bound by it. 8 Ohio, 372. Yet it is clear that such protection can only be obtained where the claimant elects to submit his rights to such adjudication. 16 Ohio St. 428.

Under most of the statutes, the claimant is free to resort to

his common-law rights, and cannot be compelled to submit his claim to be investigated by the statutory method. Freeman, Ex., § 277. See, also, *Hedrick v. City of Olathe,* 30 Kas. 348; *Graves v. Butcher,* 24 id. 292; *Sponenbarger v. Lemert,* 23 id. 58, 63; 14 Cal. 194; Drake, Att., § 196.

Where the officer levies on property not belonging to the defendant, no demand will be made for its return. 48 N. Y. 84; Freeman, Ex., § 254.

Where a party has a cause of action against a ministerial officer for trespass, it is not necessary that he shall first pursue his remedy against the officer alone in an action for trespass, but he may at once have recourse to the official bond of the officer and sue him and his sureties. If a constable seizes the property of one man for the debt of another, he is beyond doubt a trespasser, but he is also guilty of a breach of his official bond. Murfree, Official Bonds, § 476, and cases there cited. The original seizure was wrong, and the silence of the plaintiff gave them no greater right. Nothing was waived by keeping silent. Last clause in *McKinney v. Purcell,* 28 Kas. 452.

Opinion by STRANG, C.: In an action by Moore & Almond against one Samuel Black, a horse in the possession of said Samuel Black was attached, and afterwards sold by the constable as the property of Black. After the sale, William Black, who was the father of Samuel Black, claimed the horse, and commenced the action against A. C. Schilling, constable, and A. Van Fassen and R. D. Faught, sureties on his official bond, alleging a breach of the condition thereof in seizing and selling said horse in a proceeding against Samuel Black, to satisfy a debt of said Samuel Black.

The defendants in the court below demurred to the petition of the plaintiff in that court, and, as grounds therefor, alleged: 1. A defect of parties, both plaintiff and defendant. 2. That causes of action were improperly joined. 3. That the petition does not state facts sufficient to constitute a cause of action. Demurrer overruled.

In the argument of the case in the brief of the plaintiffs in error, there is no claim of any defect of parties plaintiff, but it is alleged that there exists a defect of parties defendant, in this, that the sureties on the constable's official bond, who are joined with him in the action, should not have been made parties thereto; that the action should first have been brought against the constable individually, and, if satisfaction could not be had against him, that proceedings might then be instituted against the sureties on his bond. The bond of the constable was joint and several, and the action was properly instituted against all the obligors thereon, for a breach of its condition. *Jenks v. School District*, 18 Kas. 356; *Swerdsfeger v. The State*, 21 id. 475.

In the second place, complaint is made that causes of action are improperly joined, to wit, a cause of action against the constable with a cause of action against the sureties.

We think a cause of action against a constable for a breach of the condition of his official bond may be joined with a cause of action against the sureties on said bond for such breach.

In *Hoye v. Raymond*, 25 Kas. 665, the case cited in defendants' brief, Mr. Justice VALENTINE says: " We also think that the constable and his sureties might be joined in one action upon the constable's bond." In this case the cause of action is the alleged breach of a joint as well as several obligation, and there would seem to be not only no reason, under our code, why the constable and the sureties on his official bond should not be joined in an action for a breach thereof, but that the better practice would suggest such joinder.

The argument that the petition does not state a cause of action is based upon the idea that proceedings cannot be had against the sureties until the remedy against the constable has been exhausted, and that, as the petition does not show proceedings first had against the constable, it states no cause of action. We think the premises of this argument wrong, and, therefore, the conclusion is untenable. The court did not err in overruling the demurrer to the petition. The de-

murrer thus disposed of in the court below, an answer was filed containing a general denial and three special defenses. To each of the special defenses a demurrer was interposed by the plaintiff below. This demurrer was sustained as to all of such defenses, the court holding that the matter set out therein as matter of estoppel did not amount to an estoppel, and, therefore, constituted no defense. The sustaining of this demurrer is alleged as error, and, as we think, presents the only important question in the case. It is alleged that William Black, the plaintiff below, was present in the court when the case of Moore & Almond against his son Samuel Black was tried; that he knew that the horse which he afterwards claimed as his own had been attached in the proceeding against his son; that judgment had gone against his son in that proceeding, and that the attachment proceeding was affirmed by the court, and an order for the sale of the horse issued to the constable, one of the defendants below, and that the horse was duly advertised and sold on said order of sale; that he was also present at the sale and saw the horse sold, without, at any time during the trial, before or at the sale, giving any notice to the officer, or any one else, of his claim to the horse, or making any demand upon the officer therefor. And it is claimed that such conduct on the part of the defendant herein estops him from subsequently claiming the horse as his own. Did such conduct on the part of the defendant amount to an estoppel? When an officer wrongfully seizes the property of one person upon process against another, is the latter required to make any claim of property before commencing proceedings for the recovery? May he not, with full knowledge of each step taken in the proceeding under which his property is seized, remain silent until the last act therein is closed, and then commence proceedings for its recovery, or the recovery of its value? Whatever the rule may be in an action by the owner against an innocent purchaser of property, which the former has seen the latter purchase at judicial sale and pay for, without any notice of claim to the property by the former, we do not think

that, in an action by the owner against an officer who has wrongfully seized and sold his property, the silence of the former, though aware of the seizure and sale, when made, will operate as an estoppel to his recovery. The seizure being wrongful, the silence of the owner forfeited none of his rights, nor did it cure the wrong of the officer. In *McKinney v. Purcell*, 28 Kas. 452, this court said:

"The original seizure was wrong. Defendant did not assent to it. Her silence during the continuance of the attachment, and her failure to object to any of the proceedings of the plaintiffs, give them no greater rights than they had in the first instance, and she waived none of her rights."

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.