CHARLES E. MARTIN, *Appellee*, v. THE CITY OF CHANUTE, *Appellant*.

No. 17,261.

HEADNOTE BY THE REPORTER.

CONTRACT—*Gas Lease—Performance*.  In an action for the purchase price of a gas lease the evidence examined and held that the plaintiff, having accepted the bid of the city substantially as made, the contract was consummated, and having performed the contract on his part, the plaintiff is entitled to payment of the specific purchase price.

Appeal from Neosho district court.  Opinion filed December 9, 1911.  Affirmed.

Martin v. City of Chanute.

*A. S. Lapham,* and *John W. Lapham,* for the appellant.

*H. P. Farrelly,* and *T. R. Evans,* for the appellee.

*Per Curiam:* This case was tried before a judge pro tem and a jury in the district court of Neosho county.

To his petition the plaintiff attached as exhibits the bid of the city for a lease of the gas rights in eighty acres of land owned by the plaintiff and of another tract of 1120 acres owned by the Hudson Oil and Gas Company. The bid was joint and several, as the court instructed the jury, being in the sum of $7500 for the two tracts and specifying the sum of $5000 for the gas rights belonging to the Hudson company and $2500 for the gas rights in the tract belonging to the plaintiff.

The assignment of leases by the plaintiff was nominally for $1 and other considerations, and the assignments of the Hudson company were for $5364. The evidence fully explained the situation, and that the assignment by the plaintiff was really for $2164, which amount with interest is all that he recovered.

The condition of the bid was that both should be accepted, but there was also a joint bid of $7500 for the rights of the plaintiff and the company. The plaintiff received just the amount he was entitled to under the subsequent arrangement and the city was not prejudiced thereby.

In the bids the acreage of the tracts of land in which the Hudson company owned the gas rights is described as 1120 acres "more or less"; the assignment was of 1118 acres; the remaining two acres was a schoolhouse site, and it appears that the city had had the premises inspected for the purpose of determining the value of the gas rights and knew, or had an opportunity to know, the fact of the location of the schoolhouse grounds. As the consummation of the contract depends upon the making and acceptance of the bid, with-

out modification thereof, it is contended that the small difference would defeat the claim of the plaintiff that the contract was consummated. We think it was a substantial acceptance of the conditions of the bid. The description of the land as 1120 acres "more or less," after describing the land by government divisions, indicates that the exclusion of this two-acre tract might have been in view, and it does not appear that the city ever suggested this as a ground for repudiating the contract until it did so in this action.

We think the evidence fully justified the verdict of the jury; that there was no prejudicial error in admitting or excluding evidence; that the jury were fully instructed as to the law of the case; and there was no error in refusing the additional instructions asked or in refusing to submit the special questions to be answered by the jury. Three special questions were asked to be submitted to the jury for answer; two of these relate to questions of fact upon which there is no conflict in the evidence and the third presents a question of law.

Under the instructions of the court all the issues presented were fully determined by the general verdict of the jury.

The judgment is affirmed.