No. 19,683.

CHARLES E. MARTIN, *Appellant*, v. THE CITY OF CHANUTE, *Appellee.*

### SYLLABUS BY THE COURT.

CONTRACT — *Purchase of Property — Separate Owners — Action by One Owner—No Estoppel to Action by the Other.* A city, in a single written instrument, proposed to purchase from separate owners certain properties belonging to each of them, offering to pay a certain sum for the entire property and dividing that sum between the owners so as to specify the amount that would be paid to each for his property. Each owner, for himself, accepted the city's proposition. It refused to pay. One of the owners recovered judgment against the city for the amount it promised to pay him. That judgment is not *res judicata* as to any matter in an action brought by the other owner to recover from the city the amount it agreed to pay him, and the city is not estopped from pleading in the last action the same defenses that were set up in the first one.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed October 9, 1915. Affirmed.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the appellant.

*S. C. Brown,* and *John J. Jones,* both of Chanute, for the appellee; *Jones & Allen,* of Chanute, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: This case comes to this court on an appeal from an order sustaining a demurrer to the plaintiff's reply to the defendant's answer.

On February 20, 1907, and prior thereto, Charles E. Martin was the owner of an oil-and-gas lease on 80 acres of land, and the Hudson Oil and Gas Company held leases on 1040 acres of other land, all west of Chanute, in Neosho county. On that date the city, in one written instrument, submitted a bid for the leases on the Martin 80 acres and the Hudson company 1040 acres, offering to pay the total sum of $7500 for the entire property. The bid specified that $2500 would be paid for the Martin property, and $5000 for that belonging

28—96 KAN.

to the Hudson company. Both Martin and the Hudson company accepted the bid and made separate assignments to the city of their interests in the leases. The city refused to pay, and suit was brought against it by Charles E. Martin to recover the amount it agreed to pay him. He recovered judgment. The case was then brought to this court on appeal, and the judgment was affirmed in *Martin v. City of Chanute,* 86 Kan. 26, 119 Pac. 377. The present action is the remaining or the Hudson company end of the transaction. The Hudson company assigned its interest to the plaintiff. In this action the defendant has pleaded the same defenses that were set up, litigated and adjudicated in the former case. The question presented on this appeal is: Was the demurrer properly sustained?

The plaintiff contends that by the judgment in *Martin v. City of Chanute,* rendered in the district court of Neosho county and affirmed by this court, the city is now estopped from setting up as matters of defense the matters that were set up as defenses in the former action. If this contention is correct the judgment must be reversed.

The plaintiff argues that the bid of the city for the Martin lease and the Hudson company leases was joint in every particular except as to the amount to be paid to Martin and to the Hudson company, and that therefore the adjudication in the former action merges the defenses of the city into the judgment in that action. In the former action the trial court instructed the jury as follows:

"The bid of the city is both joint and several; that is to say, the bid did not bind the city to accept the assignment from Martin, unless the Hudson Oil & Gas Company also assigned to it the gas rights under its lands described in the bid; and, on the other hand, the city was not bound to accept the assignment from The Hudson Oil & Gas Company unless Martin also assigned to it the gas rights under his 80-acre tract of land. The bid being for all the lands described therein. The bid is several in the respect that it was a bid in the sum of $5000 for the Hudson holdings described in the bid and a separate bid of $2500 for the 80 acres in section 35, being the 80 acres alleged to be held by the plaintiff in the case, Charles E. Martin."

By affirming the judgment in that action, this instruction was approved by this court.

We do not think the plaintiff's interpretation of the con-

Martin v. City of Chanute.

tract is correct. Under the common law the contract would not be joint, so far as Martin and the Hudson company were concerned. Martin was to receive a specified amount for his property, and the Hudson company was to receive another and a different amount for its property. Payment to either would not discharge the obligation of the city to the other. If either of these parties had been paid by the city, the other could maintain an action to compel payment to him. The contract between Martin and the city, when once completed, had nothing to do with the contract between the city and the Hudson company. There was no privity between Martin and the Hudson company under the contract as originally completed. There was no contractual relation between them. Martin accepted the city's proposition for himself. The Hudson company did the same thing for itself. Martin's acceptance was in one document, that of the Hudson company in another. They were complete strangers to each other. No action of any kind could be maintained by one against the other on account of this contract.

Two farmers own adjoining tracts of land. A third person desires to buy both tracts, but will not buy either one alone. He communicates to the two farmers a single proposition that he will pay so much money for the two tracts, dividing that amount so as to make the proposition an offer of so much for one tract and of so much for the other. Each farmer accepts the proposition made. The third person then refuses to comply with his contract. The two farmers can not maintain one action to compel performance of the contract. Each has the right to maintain his own action. One might compel specific performance, and the other recover damages for nonperformance.

The plaintiff quotes from 23 Cyc. 1208, as follows:

"Where a contract or obligation which is the subject of an action is a joint contract or obligation, a recovery against one of the joint contractors merges the entire cause of action, and bars any subsequent suit on the same obligation against any of the other debtors, or against all jointly; and conversely a judgment against all the joint contractors bars a subsequent suit against any one of them separately. The effect of this principle can not be avoided by consent of the parties."

We quote a little more from the same volume, as follows:

"In several states statutes have been enacted which reverse the common-law rule just stated, either by declaring all joint contracts to be

joint and several in legal effect, or by providing that plaintiff may have a separate action against defendants joined in a previous suit on a joint obligation but who were not served with process in that action. In either case the cause of action is not merged by a recovery against one of the joint debtors. . . . Where the contract or obligation is joint and several, it is not merged in a judgment recovered against one of the contractors, and such judgment, remaining unsatisfied, will not bar an action against another of the debtors. . . . Where the obligation is joint and several, the creditor can elect either to sue and recover separately of each of the debtors or of all jointly, but he can not do both; a separate judgment against one or more bars a subsequent joint action, and a joint judgment against all will bar subsequent separate suits." (pp. 1209-1211.)

Section 1638 of the General Statutes of 1909 reads:

"All contracts which by the common law are joint only, shall be construed to be joint and several."

Other sections are:

"In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable.

"Any person jointly or severally liable with others for the payment of any debt or demand may be released from such liability by the creditor, and such release shall not discharge the other debtors or obligors beyond the proper proportion of the debt or demand for which the person released was liable." (§§ 1641, 1642.)

Under these statutes, there are no joint contracts in this state, as they were known at common law. In *Jenks v. School District,* 18 Kan. 356, this court said:

"Where a suit is brought against joint and several obligors, in which process is not served on all the defendants, judgment may be taken against those served, and the judgment is no bar to subsequent proceedings against one not served at the rendition of the judgment." (Syl. ¶ 2.)

These statutes, *Jenks v. School District,* supra, and 23 Cyc. 1209-1211, take the contract in controversy out of the control of the rule given in 23 Cyc. 1208, quoted in the plaintiff's brief.

The plaintiff can not rely on *res judicata,* because there are three elements lacking to make the judgment in the former action an estoppel, or *res judicata,* in this one. First, lack of identity in the subject matter of the action. The subject matter of this action is the contract between the defendant and the Hudson company. In the former action it was the contract between the defendant and Martin. Second, lack of

identity in the cause of action. The cause of action in this action is the defendant's promise to pay the Hudson company $5000. In the former action it was the defendant's promise to pay Martin $2500. Third, lack of identity in the quality of Martin as plaintiff in the two actions. In the former action, Martin recovered judgment on the promise to pay him. In this action he is seeking to recover judgment on the promise to pay the Hudson company. These are entirely distinct personages.

For the elements necessary to constitute *res judicata,* see *Benz v. Hines and Tarr,* 3 Kan. 390; *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127; *McDowell v. Gibson,* 58 Kan. 607, 608, 50 Pac. 870, and *The State v. Kaemmerling,* 83 Kan. 383, 111 Pac. 441.

The demurrer was properly sustained. The judgment of the district court is affirmed. The cause is remanded with instructions to the trial court to proceed in accordance with this opinion.